THE ILLINOIS MUTUAL FIRE INSURANCE COMPANY, Plaintiff in Error, *v.* JOHN O'NEILE, Defendant in Error.

ERROR TO MADISON.

The 18th section of the charter of the Illinois Mutual Fire Insurance Company, which declares that a double insurance, without the consent of the company, on a house or building, does not include an insurance upon goods.

No usage of the company, or agreement of parties, made before or at the time of the execution of the policy, can be admitted to explain, modify, or control the written contract.

THIS cause was tried at the Madison Circuit Court at March term, 1851, before UNDERWOOD, Judge, and a jury.

TRUMBULL, Justice, being interested, did not sit at the hearing of this cause.

This was an action of assumpsit, brought by said O'Neile against the said company upon a policy of insurance issued by them, in the sum of $1,900, upon a stock of goods, wares, and merchandise belonging to said O'Neile, in his store in Randolph county. The policy was for the term of six years, and was issued on the 15th day of May, 1848. On the 13th day of April, 1850, the store of said O'Neile was consumed by fire, and goods, amounting to the sum of $1,482.66, were consumed, and the loss sustained by him in goods, including what were damaged, amounted to the sum of $2,000.

The whole stock on hand at the time the fire occurred, amounted to the sum of $9,922, and it was also shown that the said O'Neile, from the 1st of June, 1849, up to the time when said fire

8 *

occurred, had purchased goods amounting to about the sum of $12,000. It was also proved that the said O'Neile gave due notice of his loss to the said company as required by the terms of his policy, and had regularly paid his assessments on his premium notes. The charter of the said company, which is annexed to the policy sued on, contains the following section, viz.:

" Sec. 18. If insurance on any house or building shall be and subsist in said company, and in any other office, or from and by any other person or persons, at the same time, the insurance made in and by said company shall be deemed and become void, unless such double insurance subsist by and with the consent of the directors, signified by indorsement on the back of the policy, signed by the President and Secretary."

The plaintiffs in error, in defence offered and read in evidence to the jury, the following letter from Moses G. Atwood, their secretary, to Amzi Andrews, who was proved to be one of the agents of said company residing in Randolph county, viz.

*Office of the Ills. M. F. I. Co.,*
*Alton, April* 23d, 1849.

Amzi Andrews, Esq.

Dear Sir : — Yours of 6th inst. is at hand. Mr. J. O'Neile can retain insurance on but $1,400 of his stock after his removal to the store adjoining Mr. Perkins, as this company cannot insure more than $5,000 in any one exposure. He can send in his policy and have the balance of it cancelled, and his note will be reduced in proportion if he chooses. He can also obtain insurance in another office, by giving due notice to this company, provided, always, that he keep an amount at his own risk equal to that insured in this office, as this company never insure more than one half the value of personal property.

Yours truly,          M. G. Atwood, *Sec.*

Also the following letter from the said defendant in error to the said Atwood, dated May 14th, 1849, viz.

*Chester, May* 14, 1849.

Sec'y Ills. M. F. Ins. Co.

Sir :—Mr. Andrews has just handed me yours of April 23d, in reply to a letter he wrote you on the subject of insurance ; here-

with I send you two policies, that I have taken at different times; you will please insure on $1,400 (the full amount you are willing to insure on) on my stock. I intend taking out an additional insurance in some other office, and shall advise you as soon as I do. I intend to insure on $10,000 stock, and store-house, $2,500. The house cost $3,000, and the stock will ave-rage the $10,000. Mr. A., I understand, wrote you fully the location of the house. The wall that divides A. Perkins and myself is 13 inches, running up 14 inches above the roof; on the other side of me is a dry-goods store, with same thickness of wall. The front end of my second story is occupied as a tailor's shop, the third story occupied once a week as a temperance hall, and once a week by freemasons. Whenever a flue passes through a partition, brick is built around it for eighteen inches. You will please make the alterations, and return policy at your earliest convenience. The insurance on my other house, I wish it all cancelled.    °          Very respectfully,

JOHN O'NEILE.

Also the following letter from the said defendant in error to the said Atwood, dated April 19, 1850, viz.

*St. Louis, April* 19, 1850.

Mr. M. G. Atwood, Sec'y I. M. F. Ins. Co. Alton.

Sir: — On the morning of the 13th inst., my storehouse was destroyed by fire, and as near as I can arrive at the loss on goods, amounts to $2,500 or $3,000. My object in writing is, to ascertain what kind of evidence I shall have to produce to establish my loss. No. of policy, 3,612, insured nineteen hundred dollars. I have insured in Philadelphia $7,500 in addition to the amount insured in your office. Please write me immediately on the subject. I shall remain in this city a few days. If you write me here, please direct " care of Chas. Tillman."

Very respectfully,          JOHN O'NEILE.

The plaintiffs in error then offered to prove by said Atwood, that in all cases where property, whether real or personal, was insured by them, they had always required notice to be given to them of any additional insurance upon the said property, as provided in the 18th section of their charter, and that this had

been the invariable usage of said company; which testimony the court refused to allow them to give; to which refusal, the plaintiffs in error at the time excepted.

It also appears, from the policy sued on, that on the 29th day of May, 1849, the said defendant in error procured the written assent of said company on the back of his policy, to his removal of his goods to his new storehouse, mentioned in the foregoing letters.

The jury, having found for the defendant in error the sum of $402.25, the plaintiffs in error moved for a new trial; which motion the court overruled. To which decision of the court, in overruling said motion, the plaintiffs in error at the time excepted; and now bring this case by writ of error into this court, and make the following points upon the assignment of errors:

1st. The defendant was bound by the 18th section of the charter to give the said company notice of the additional insurance made by him, and obtain the written assent of the company on his policy.

2d. The said defendant in error had not, at the time of the fire, an amount of goods at his own risk, equal in value to the amount covered by the said policy, as required by the charter and usages of said company.

3d. The testimony which the plaintiffs offered to make by Atwood, was proper and pertinent, and should have been allowed.

Davis & Edwards and J. Gillespie, for plaintiffs.

D. J. and H. S. Baker, for defendant,

Cited, 23 Pick. 418; 2 Watts & Serg. 544; 5 Ohio, 466; 2 American Leading Cases, 343; 2 Phillips on Insurance, 62; 5 Hill, 298; 1 Marshall on Insurance, 146; 2 Wharton's Dig. 54, § 11; 7 Hill, 122; 3 Comstock's Rep. 124 to 127; 2 Id. 237, 241 to 244.

Caton, J. The questions in this case do not admit of a moment's hesitation. After the policy before us was effected, the assured took out another policy, from another company, on his

stock of goods, without advising the appellants of that fact, and without their sanction. ' This, they insist, avoids their policy, and rely upon the 18th section of their charter, which is as follows: " If insurance on any house or building shall be and subsist in said company and in any other office, or by or from any other person or persons at the same time, the insurance made in and by said company shall be deemed and become void, unless such double insurance subsist by and with the consent of the directors, signified by indorsement on the back of the policy, signed by the president and secretary." Here, the insurance was on a stock of merchandise; and, although it was strenuously insisted upon by counsel, I cannot think that it is necessary to enter into an argument to prove that the property insured was not a " house or building," and that consequently that section does not apply in this case, but shall content myself with stating, that it is the opinion of this court that this stock of goods was not such an edifice.

The usage of the company in relation to additional insurance upon personal property, which was offered to be proved by Mr. Atwood, was properly excluded. No usage of the company, nor even the express agreement of the parties, whether made previous to, or at the time of, the execution of the policy, can be admitted to explain, modify, or control the written contract. Insurance Co. *v.* Hone et al., 2 Comstock, 235.

The judgment must be affirmed, with costs.

*Judgment affirmed.*