# THE WINNESHEIK INSURANCE COMPANY

*v.*

## GEORGE H. HOLZGRAFE.

1. PAROL EVIDENCE—*to alter or explain a written agreement—application of the rule to a contract respecting insurance.* A party made an application in writing, signed by him, for insurance upon property, gave his note, payable to the insurance company, to the agent of the company, for the premium, and took from the agent a receipt showing the giving of the note, and stating that, in case the policy should not be issued, the note was to be returned. These papers were regarded as the contract of the parties, which could not be varied or explained by parol evidence.

2. So, where the application in such case provided that the policy should bear date and take effect on the day the application should be approved, it was *held*, on a loss occurring, it was not competent for the party making the application to prove, by parol, that at the time and prior to the execution

of the contract, the agents óf the company, with whom it was made, represented to him that he would receive a valid policy of insurance from the company to take effect and be in force from the date of the application, and that it was the usual or customary practice of that company to issue policies upon such applications, to bear date and take effect from the date of the application. The terms of the written contract could not be thus changed by parol evidence.

3. Nor could these verbal representations of the agents be considered as the representations of their principal so as to establish a contract of insurance definite in its terms, and in full force at the time they were made, because a contract can not rest partly in writing and partly in parol.

4. CONTRACT OF INSURANCE—*whether it exists.* So, where an application for insurance provides that the policy shall take effect on the day the application may be approved, and it is not approved, there· is no contract of insurance.

5. APPLICATION FOR INSURANCE—*of its approval—construction.* Where, upon the solicitation of an agent of an insurance company, an application is made, in writing, which provides, "the policy to bear date and take effect at noon of the day this application is approved": *Held,* this is to be understood as meaning that the approval must be by the home or principal office.

6. SAME—*of a presumption of acceptance, from delay.* An application for insurance was made at Havana, in Mason county, in this State, through an agent of the company, the principal office of which was located at Freeport, in Stephenson county, the policy to take effect from the date of the approval of the application. A note for the premium was given by the applicant. The application was rejected: *Held,* the lapse of eighteen days between the receipt of the application at the home office, at Freeport, and its return to Havana, would not be considered such extraordinary delay as to authorize an implication that the application was accepted, and thereby an insurance effected.

7. INSURANCE AGENTS—*how far companies bound by their action.* Where the agent of an insurance company is given authority merely to receive applications for insurance, in accordance with his instructions, and to collect and transmit the premium therefor, he has no authority to make a contract of insurance; and the extent of the agent's authority being well understood, the company will not be bound by his acts beyond the scope of his power.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. J. M. BAILEY, for the appellants.

The verbal statements of agents, or parol evidence, are not admissible to alter or explain a written contract in respect to insurance. *Wilson* v. *Conway Fire Ins. Co.* 4 R. I. 141; *Honnich* v. *Phœnix Ins. Co.* 22 Mo. 82; *Lamotte* v. *Hudson River Fire Ins. Co.* 17 N. Y. 199; *Ripley* v. *Ætna Fire Ins. Co.* 30 N. Y. 136; *Mayor, etc. of New York* v. *Brooklyn Ins. Co.* 41 Barb. 231; *Farmers' Mut. Fire Ins. Co.* v. *Marshall,* 29 Vt. 23; *Alston* v. *Mechanics' Mut. Ins. Co.* 4 Hill, 510; *Holmes* v. *Charlestown Mut. Ins. Co.* 10 Metcalf, 211; *Hovey* v. *American Mut. Ins. Co.* 2 Duer, 554; *Sheldon* v. *Hartford Fire Ins. Co.* 22 Conn. 235; *Glendale Woolen Manufacturing Co.* v. *Protection Ins. Co.* 21 Conn. 19; *Loehner* v. *Home Mut. Ins. Co.* 17 Mo. 247—and same case affirmed, 19 Mo. 628; *Barrell* v. *Union Mut. Fire Ins. Co.* 7 Cush. 175.

To constitute a valid contract of insurance, the minds of the parties must meet, as to the premises and the risk; as to the amount insured; as to the time the risk shall continue; and as to the premium. *Baptist Church* v. *Brooklyn Fire Ins. Co.* 28 N. Y. 153; *Thayer* v. *Middlesex Fire Ins. Co.* 10 Pick. 326; *Christie* v. *North British Ins. Co.* 3 Cases in Court of Sessions, 360.

As to the extent of agents' authority to bind the company: *Ins. Co.* v. *Johnson,* 23 Penn. St. 72; *Chase* v. *Hamilton Mut. Ins. Co.* 22 Barb. 527; *Wilson* v. *Genesee Mut. Ins. Co.* 4 Kernan, 418; *Hackney* v. *Alleghany Co. Mut. Ins. Co.* 4 Penn. St. 185; *Marblehead Mut. Fire Ins. Co.* v. *Underwood,* 3 Gray, 310; *Smith* v. *Ins. Co.* 24 Penn. St. 320; *Mitchell* v. *Lycoming Mut. Ins. Co.* 51 Penn. St. 402; *Tate* v. *Citizen's Mut. Fire Ins. Co.* 13 Gray, 79.

Messrs. LACEY & WALLACE, for the appellee, on the subject of insurance agencies, cited, *N. E. Fire Ins. Co.* v. *Schettler,* 38 Ill. 167; *Chi. Burl. & Quincy R. R. Co.* v. *Coleman,* 18 Ill. 299; 1 Pars. on Con. 73; *Perkins* v. *Washington Ins. Co.* 4 Conover R. 646; Angell on Fire Ins. sec. 452; *Taylor* v. *M. F.*

& M. Ins. Co. 9 How. U. S. 390; *Lightbody* v. *N. A. Ins. Co.*
23 Wend. 18.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Mason circuit court,
exhibited by George H. Holzgrafe, against The Winnesheik
Insurance Company, alleging a verbal contract of insurance
upon a certain building of complainant, in the town of Havana,
in Mason county, to the amount of twenty-two hundred dollars,
and the subsequent destruction of the building by fire in the
lifetime of the contract.

The bill prays that an account might be taken of complain-
ant's loss; that the contract be specifically enforced, and that
defendants be decreed to pay him the above amount, besides
the costs of this suit.

The defendants answered the bill, denying any such contract,
to which there was a general replication, and the cause pro-
ceeded to a hearing on the bill, answer, replication and proofs.

The bill alleges that a premium note, at ten per cent interest,
was given for the insurance, which, it appears, complainant,
after the fire, offered to pay, and tendered the money therefor.

The court decreed as prayed, after deducting the amount of
the premium note. To reverse this decree, the defendants
have appealed to this court.

It is alleged in the bill of complaint that complainant was
solicited by Phelps & Elliott, acting as the agents of defend-
ants, on the first day of December, 1866, to make an application
for, and acceptance of, a policy of insurance in the defendant
company, and did, then and there, at said Mason county, offer
for and in behalf of the company, to insure complainant to the
amount of two thousand two hundred dollars upon his build-
ing, against loss or damage by fire to that amount, on condition
complainant would pay the company the sum of one hundred
and eleven dollars on the first day of January, 1867, being at

the rate of five per cent per annum on the amount insured, complainant to execute his promissory note therefor.

It is then alleged that complainant accepted the offer, and agreed to accept a policy of insurance upon his building for that sum, upon the terms above stated, and, on the fourth day of December, 1866, he signed an application for a policy drawn up and presented to him by Phelps & Elliott, or one of them, as defendants' agents, and then and there delivered to these agents his promissory note for the premium agreed.

Complainant then alleges that these agents did then and there represent and declare to complainant that, in consideration of this promissory note, and the money specified therein to be paid, he should receive a good and valid policy of insurance, to take effect and be in force from the fourth day of December, the date of his application, and to continue in force for one year next thereafter.

It is futher alleged that it was the usual and customary practice of this company to issue policies upon such an application, to take effect on the day of the date of the application.

The facts proved are, that the agents of defendants solicited complainant to make application for a policy in their company for a certain sum, for a stipulated premium, and for a certain time.

Yielding to this solicitation, complainant signed a printed application, with the blanks filled up in writing, for insurance by appellants, against loss or damage by fire, in the sum of twenty-two hundred dollars, for the term of one year, commencing the fourth day of December, 1866, at noon, on his frame building, and in the same instrument, after warranting the description, condition, value, etc. of the property to be as represented; that all the questions are correctly answered; that he has made no concealment of any circumstance or fact tending to increase the hazard, and which the company ought to know, and agreeing that the application shall be taken as a part of the policy, and be referred to in case of loss, and further agreeing that any misrepresentation or concealment of facts

should render the insurance void, it closes in this manner : " The policy to bear date and take effect at noon of the day this application is approved," dated this fourth day of December, 1866, and signed by complainant, G. H. Holzgrafe, applicant. On the same day complainant executed this note :

Dated at Havana, Illinois,
December 4, 1866.

On the first day of January, 1867, for value received, I promise to pay the Winnesheik Insurance Company, or order, one hundred and eleven dollars and fifty cents, with interest at the rate of ten per cent per annum from date, until paid."

At the same time, the agents of appellants executed a paper of this tenor :

" Received of George H. Holzgrafe, of Havana, Illinois, application for insurance by the Winnesheik Insurance Company, of Freeport, Illinois, on property, to the amount of twenty-two hundred dollars, for the term of one year, and a note for cash premium, etc. due on the first day of January, 1867, for one hundred and eleven dollars and fifty cents, all of which are to be returned if a policy be not issued. Policy to be sent by mail. Dated at Havana, Illinois, this fourth day of December, 1866."

These were all the papers which passed between these parties.

Appellee insists upon his right to prove that, when these papers were executed, or prior thereto, appellants' agents represented to him that he would receive a valid policy of insurance from appellants, to take effect and be in force from the date of the application and note, and to continue in force for one year next thereafter, and that it was the usual or customary practice of appellants to issue policies of insurance upon applications such as appellee had made, to bear date and take effect on the day of the date of the application, and he has so alleged in his bill of complaint.

The first point to be considered rises here: Taking the application of appellee, and the note executed by him, and the receipt given by the agents to him, as the contract of the parties, and that it was the contract is unquestionable, can it be varied, altered or extended by proof of these representations of the agents? Can it be proved by parol, the written instrument stipulating that the policy is to bear date and take effect at noon of the day the application is approved, that it was, in fact and in truth, to take effect on the day of the date of the application? Would not this vary, essentially, the terms of the written contract? And, though it might have been the usage of appellants so to issue them, that could not vary the express terms of the contract. *Ill. M. F. Ins. Co.* v. *O'Neile,* 13 Ill. 89. Appellee agreed with the company when he signed the application, that the policy should bear date and take effect at noon of the day when the application should be approved. Approved by whom and where? Manifestly by the home office, or principal office, at Freeport, some hundreds of miles distant from Havana. It is not competent, on well recognized principles of law, to prove, by parol, that the policy was to take effect on the day of the date of the application, for that would be making a contract by parol, wholly different from the written contract.

These writings can be regarded in no other light than as expressive of the terms and conditions of the contract, and the law conclusively presumes that all the terms of the agreement are correctly expressed in the writing, and the conversations and declarations of the parties made before or simultaneously with the writing, are not admissible in evidence. *Abrams* v. *Pomeroy,* ib. 133, 136, 137. The rule that written agreements, unambiguous in their terms, are not to be varied or explained by parol, is so old, so well established, and so consonant with reason and justice, as to render any argument upon this point unnecessary. The rule may be regarded as inflexible. *Marshall* v. *Gridley,* 46 ib. 250.

The application was rejected by the principal office on the twelfth of December, some twelve days before the destruction of the building by fire, and was returned to their agents by mail, without the note, on the twenty-second of December, two days before the fire. It is in proof one of these agents went to the complainant's place of business so soon as he received notice of the rejection of the application, to inform complainant of the fact; but, finding him engaged with some customers, he refrained from so doing. Two days after, the building was consumed by fire.

As by the written agreement of complainant with the insurance company, no contract of insurance was to take effect until the day the application was approved, and, as it was not approved, it follows there was no contract of insurance ; that the company had incurred no legal liability to make good this loss, and no recovery could be had against them.

But it is urged by appellee, that these verbal representations of the agents should be considered as the representations of their principal, and they establish a contract of insurance definite in its terms, and in full force, when the building was consumed.

It has been often said by this court, that a contract can not exist partly in writing and partly in parol. *Lane* v. *Sharp,* 3 Scam. 573 ; *O'Reer* v. *Strong,* 13 Ill. 689 ; *Marshall* v. *Gridley,* 46 ib. 250.

But, it is urged, the failure of appellants to return the premium note at the time the application was returned, and the delay in returning the application, justify and require the inference that the company had approved or accepted the application of complainant. But such an inference would be in the face of the testimony of the general agent, Stewart, who states that the application was submitted to him at El Paso, in the early part of December, by the special agents at that place, and was rejected by him, but, at the earnest solicitation of those agents, he took it to the office at Freeport, for the consideration of the president and secretary of the company, who immediately

rejected it and returned it to Phelps & Elliott, at Havana, on the same day, and that was the twelfth of December. Usually, delay can not make a contract. Under some circumstances, perhaps, a proposal may become a contract by tardiness in rejecting or answering it, but no such case now occurs to us.

That appellants received this application, is undoubted, and that they did not respond to it, on the instant, is likewise true. In the nature of things, considering the irregularity of the mails, and their default sometimes, and some delay, perhaps, in putting the application in the mail, a lapse of eighteen days between its receipt at Freeport and its return to Havana, can not be considered so extraordinary as to authorize an implication from it, that the application was accepted, and thereby an insurance effected.

Appellee insists there was a contract of insurance made by the lawfully authorized agents of the company. That contract must rest in parol, for it is not found in the writings we have been considering. Taking the representations and declarations of these agents made to complainant, in connection with his written application to the company for insurance, a contract may be predicated upon them. The question then arises as to the power of these agents to make such a contract. The warrant of their authority is in the record. By that they were only authorized to receive applications for insurance in accordance with the instructions to agents, and to collect and transmit the premiums therefor. This was the extent of their authority, and no instructions have been shown from their principals authorizing them to go one step beyond this, nor is there any proof they ever did, or ever designed to go a step beyond. They both state they never held themselves out to community, as possessing authority to effect insurances, write up policies, adjust losses, or do anything more than the letter of their appointment specified. We have said, in several cases, where an agent of an insurance company shall, with the knowledge of his principal, so hold himself out to the public by receiving applications for insurance, and granting policies, to such an extent as to

induce the public doing business with him to believe he is the lawfully constituted agent, the principal having accepted the cash premium, shall not be permitted afterwards, in case of loss, to repudiate the act.    Such was the case of *Ætna Ins. Co.* v. *Maguire,* 51 Ill. 342.

We decide this case on the ground that an application for an insurance was all that was made by complainant, and that the delay in responding to it was not of a character from which an acceptance of the proposal can be implied, and that any contract of insurance effected by the agents of appellants was not binding upon appellants, such contract not being within the scope of the authority with which they were vested by the company, and which was well known.    We repeat here what was said in *Ætna Ins. Co.* v. *Maguire, supra.*    That case turned upon the question of a cancellation of the policy of insurance which had been written up by the agent, and the premium transmitted to the general agent, and retained by him, and an adjuster of the loss had been sent out to examine into the loss.    There, the contract was evidenced by the policy which the agent had written, and who seemed to possess all the symbols of an unrestricted agency, and had actually issued the policy then in question. Here the application for insurance was not accepted, and the agents never, at any time, represented or intimated to any one that they had any other authority than to transmit applications and receive premiums.

In Maguire's case we said, we desire it to be understood, in this jurisdiction at least, where an insurance company has appointed an agent, known and recognized as such, and he, by his acts, known and acquiesced in by them, induces the public to believe he is vested with all the power and authority necessary for him to do the act, and nothing to the contrary is shown or pretended at the time of doing the act, public policy, the safety of the people, demand the company should be liable for such of his acts as appear on their face to be usual and proper in and about the business in which the agent is engaged.

The case here is very different. It has no ground to rest upon, the application for insurance never having been accepted by the defendant company.

The decree must be reversed.

*Decree reversed.*