# Staunton.

## HADEN v. FARMERS & MECHANICS FIRE ASSOCIATION.

SEPTEMBER 24TH, 1885.

## LEWIS, P., absent.

1. INSURANCE—*Specific performance—Bill.*—Equity will enforce perform-ance of a contract of insurance made with an agent having authority to issue policies or to bind the company to issue policies, in favor of one who has paid the premium. *Woody* v. *Old Dominion Ins. Co.*, 31 Gratt. 362. But the bill must on its face distinctly state that such contract was made, and show when, where, how and by whom it was made, and that the person making it had authority to bind the company. *Haskins* v. *Ag. F. Ins. Co.*, 78 Va. 700.

2. IDEM—*Agents—Powers.*—Insurance company may empower its agents to make contracts of insurance, or may limit their authority to solicit-ing applications, which are to be forwarded to its board of directors, who alone may be authorized by its constitution and by-laws to make such contracts.

3. IDEM—*Charter and by-laws—Notice.*—Persons dealing with a corpora-tion are affected with notice of the provisions of its charter, constitu-tion and by-laws. *Rolfe* v. *Rundle*, 13 Otto, 222.

4. IDEM—*Contract—Agent to solicit*—An agent whose powers are limited by the charter, constitution or by-laws of the company, to receiving and forwarding applications for insurance, together with the premiums, to the company for acceptance or rejection, can make no contract of insurance binding the company.

5. MISREPRESENTATIONS—*Title—Encumbrance.*—Any *material* misrepre-sentation will avoid a policy. But such is not the effect where the mis-representation, if any, was simply technical, and unintentional and im-material withal.

Appeal from decrees of circuit court of Botetourt county, rendered September 2nd and October 25th, 1884, respectively, in the chancery cause wherein Richard G. Haden was complainant, and the Farmers and Mechanics Benevolent Fire Association, of Roanoke and Botetourt counties, was the defendant. In his bill the complainant claimed that the agent of the defendant corporation had, on 19th September, insured his dwelling-house and furniture therein for $1400, and that he had then and there paid the required premium to said agent, but that before the policy had been issued, to-wit, on 1st November, 1883, the said house and furniture was consumed by fire; and that he was entitled to recover that sum of the defendant corporation. The defendant demurred to the bill, and answered it, setting up that the said agent had no authority to make the alleged contract of insurance; that if he had such authority, the fact was that he only solicited and received the complainant's written application to the defendant to insure said property; and that if the said agent had such authority and did make the alleged contract, it was void, because in said written application the complainant falsely represented that his title to said house was fee-simple and that it was unencumbered. The circuit court overruled the demurrer, and adjudged that the said agent did have authority to make, and did make said contract of insurance; but that the said contract was void as to the said house, which was insured for $1200, on account of misrepresentations made by the complainant as to said title and encumbrance. From this decree the complainant obtained an appeal to this court; and the defendant corporation also asked that the said decree be reviewed and reversed for errors therein whereby it was aggrieved.

Opinion states the other facts.

*Haden & Haden,* for the appellant.

The court below erred in adjudging that the insurance con-

Argument.

tract made by the appellee's agent, was avoided by the false representations alleged to have been made by the appellant in his written application for insurance, as to his title to his house, and as to its freedom from encumbrance. If any such misrepresentations was made, it was unintentional and immaterial. The appellant's house was on a tract of nearly 400 acres of land, the fee simple value whereof was estimated at $5750. In this tract the appellant had a life estate, which was estimated to be worth $4372.87. But his sister, Mrs. Hood, shared with him the remainder, to the extent of the estimated sum of only $351. Under these circumstances, the appellant had been professionally advised and actually thought he had a fee simple unencumbered title, but knew and told said agent that there was a law suit pending which cast a cloud upon his title. *Lynchburg Fire Ins. Co.* v. *West*, 76 Va. 575; *S. M. F. Ins. Co.* v. *Yates*, 28 Gratt. 585; *M. F. Ins. Co.* v. *Weill & Ullman*, Id. 389.

Counsel for appellee insist that this agent had no authority to bind the appellee.

The appellee being a corporation can only act through its agents. An insurance company cannot hold out a person as its agent and then disavow responsibility for his acts. *Ins. Co.* v. *McCain*, 96 U. S. 84. An agent for an insurance company, authorized to act in its business at a distance from the principal office, has power to bind the company by parol as well as by written contracts. 2 Abbott's National Dig. 794; *Baubie* v. *Ætna Ins. Co.*, 2 Dillon, 156. And such companies are responsible for the acts of such agent within the general scope of the business intrusted to his care, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge. 2 Abbott's Dig. 769; *Bossell* v. *American Fire Ins. Co.* 2 Hughes (4th circuit), 531. The policy was not issued before the house and furniture were consumed by fire on the 1st November, 1883, because the appellee's agent delayed to forward the application. That agent had assumed the duty of forwarding the application, and it was his fault that

it was not forwarded; and the neglect and fault of the agent is the company's neglect and fault, and the company is liable therefor, and should not be allowed to take advantage of its own wrong, and to defeat a just recovery. *Woody* v. *Old Dominion Ins. Co.* 31 Gratt. on page 377.

*G. W. & L. C. Hansbrough*, for the appellee.

Appellee maintains that the decree of the court below is free from error, in so far as it avoids the alleged contract of insurance as to the house, on the ground that the appellant made material misrepresentations as to his title thereto, and its freedom from incumbrance. He stated in his written application that his title was fee simple. It is admitted he had only a life estate in the house and land, and shared the remainder with another. It is said his share in the remainder was much larger than his sister's; was two-thirds, whilst hers was but one. It was either a defect in title or it was an incumbrance. It was material. The materiality of a misrepresentation does not depend on the amount involved, but in its nature; that is, as respects title or incumbrance. "A misrepresentation of title, in the application to a mutual insurance company, avoids the policy." *Merrill* v. *F. & M. Mut. Fire Ins. Co.* 48 Maine Rep. 285; *Allen* v. *Mut. F. Ins. Co.* 2 Md. 111. "Any material misrepresentations will avoid a policy." * * * "By asking the question, it would be manifest the company deemed the information material, and it would be material that the applicant should answer it truly." Flanders on Ins. 361, and 306-7.

But the appellee insists that the said decree is erroneous, in so far, 1, as it overruled the demurrer to the bill. The bill should have stated distinctly, not only the contract of insurance, but when, where, how and by whom, and under what authority it was made. This is elementary. The bill here was plainly defective in those respects. It did not distinctly charge that the said agent had authority to make such contract, but

chiefly complained of the delay and negligence of the agent. It did not say whether the contract was parol or written, and left it in doubt whether it was contended that the application was itself the contract of insurance, or whether the contract was something else and outside. *Woody* v. *O. D. Ins. Co.* 31 Gratt. 362; *Haskins* v. *Ag. F. Ins. Co.* 78 Va. 700.

2. It also erred, in so far as it held that the said agent had authority to bind the appellee by contracts of insurance. The constitution and by-laws are specific in directing that only the board of directors, by its executive committee, can admit new members into the association, and issue policies of insurance. The said agent, and all other agents of the appellee, carried around, not blank policies ready to be filled up and delivered to persons insured, as was the case with the agent, Renzie, in the case of *Woody* v. *O. D. Ins. Co., supra,* but only blank applications, to be filled up and signed by the person desiring to be insured, and to be forwarded with the premium to the board of directors, who had to approve the application and issue the policy, or reject it and return it and the premium. "Every person dealing with a corporation is bound to take notice of its charter, by-laws and ways of doing business." *Bockover* v. *Life Asso. of A.* 77 Va. 91; *Rolfe* v. *Rundle*, 13 Otto, 222.

Woody's case is no precedent for that of the appellant. The agent of the Old Dominion Insurance Company agreed to issue a policy to Woody, and received his premiums. That agent had authority to issue the policy. The house was consumed by fire before he issued it. This court held the company liable to pay the amount of the insurance.

The agent of the appellee agreed to forward the appellant's *application* for a contract of insurance. The agent, Kyle, neglected to forward it until the house was burned. Kyle was culpable for negligence certainly; and the appellee might possibly be held responsible in damages for its agent's conduct. But a contract of insurance is essential as support for this suit for specific performance. There was no contract here. Negli-

gence cannot make a contract of insurance. Nor can delay make one. *Winnesheik Ins. Co.* v. *Holzgraff*, 33 Ill. 516. Says *Lacy J.*, in *Hoskins* v. *Ag. F. Ins. Co.*, *supra:*—"The fact that an application has been made for insurance and a long time has elapsed and the rejection of the risk has not been signified, does not warant a presumption of its acceptance. In such cases there must be an *actual acceptance* or there is *no contract.*"

3. Kyle made no contract of insurance with appellant. He only said to him his property would be insured if the executive committee approved his application. He predicted that it would be approved.

We submit that the decree complained of should be reversed in favor of the appellee, and the appellant's bill be dismissed.

FAUNTLEROY, J., delivered the opinion of the court.

On the 19th of September, 1883, the appellee, a corporation created under the laws of Virginia, sent its agent, one R. P. Kyle, to the house of the appellant, in the county of Botetourt, to solicit an insurance of the said house and of the furniture and household property therein. The said agent examined the house and household furniture, and valued the dwelling-house at $1800, and the furniture at $300; and fixed the insurable value of the former at $1200, and of the latter at $200; making the total insurable value $1400; and estimated the amount of premium and charges for such insurance to be six dollars, which the appellant then and there paid to the said agent, who was one of numerous agents of the said association in the counties of Roanoke and Botetourt, whose power and duty was to solicit applications for membership, by insuring in said association, by filling up the blanks in a printed form of application, to be signed by the applicant, and to be forwarded with the premium paid for the proposed risk, to the secretary of the asssociation, upon the express condition and understanding that the application had to go before the board of directors or ex-

ecutive committee of the said association, to be passed upon and approved by them before the secretary could issue a policy of insurance and complete the contract of insurance. The application, in printed form, was filled up by Kyle with the answers of the appellant, and was signed by the latter, and delivered to Kyle, together with the premium, six dollars, to be sent to the secretary of the association. If it should be approved, then the secretary would issue a policy of insurance on it; if it should be rejected, it was to be returned, together with the premium, to the appellant. Kyle retained the application until November 3, 1883, when he forwarded it to the secretary at his office at Cloverdale, in Botetourt county, with information that the dwelling-house and furniture had been consumed by fire on the 1st November, 1883. The secretary referred the application to the executive committee, which did not approve it, the property having been destroyed by fire, but referred it to the whole board of directors, who disapproved and rejected it, and returned it, together with the premium, to Kyle, who tendered them to appellant, who refused to receive or accept either, and made a formal demand upon the appellee for the amount of the alleged insurance, which being refused, the appellant filed his bill in the circuit court of Botetourt county for specific performance of the alleged contract of insurance, and for general relief.

The defendant demurred and answered, averring that Kyle made no contract to insure the complainant's house and furniture; that he had no authority, as their agent, to make such contract; and that if he did make such contract, and was authorized so to do, the contract was null as to the said house, because the complainant, in his application, had represented his title to be *fee simple*, whereas it was only an estate for his own life. The court overruled the demurrer, and adjudged the complainant entitled to recover the value of the furniture, but that he was not entitled to recover anything for the house, because the contract of insurance was null as to the house, by

reason of complainant's misrepresentation of his title. In October, 1884, the appellant filed his "petition for review and re-hearing" of the said decree for alleged errors on its face. To this petition the appellee demurred and answered, and the court sustained the demurrer and affirmed the said decree. From these two decrees the appeal was taken.

The error assigned by the appellant is, that the circuit court erred in decreeing that the contract of insurance was null and void as to the dwelling-house, because the appellant had mis-represented his title to said house as *fee simple*, when it was only a life estate. On the other hand, the appellee asks this court to consider the whole record under the IXth Rule, and reverse the decree of September 2, 1884, for error against the appellee, and amend the said decree so as to make it as the cir-cuit court should have entered it.

The appellee is a corporation created by an act of the gene-ral assembly of Virginia, passed April 2, 1873, and amended April 7, 1882, with power to insure its members against loss by fire, and to pay the same by assessments upon its members. It is of the plan denominated mutual; and, as its name im-ports, it is a local association, purely and solely for benevolent purposes—organized for self-protection *of its members only*. By its charter it is authorized to make ordinances, by-laws and regulations for the government of all under its authority, and for the management of its business; and it has done so. Its rules as to receiving members and taking risks are strict, and its agents are limited to the mere and narrow authority of re-ceiving applications and premiums for membership and for-warding the printed forms of application filled up by the pro-posals of the applicant and signed by the applicant, together with the premium, for the action of the board of directors, who, by the sixth section of their constitution, has the sole and exclusive power to receive members by approving, in their dis-cretion, applications for insurance and to issue policies; which duty the said board of directors usually discharge through its

executive committee. Its officers consist of a president, vice-president, secretary and treasurer, and so many directors as its by-laws may provide for. It is, and has been, the rule and practice of the association that no insurance shall ever be made except by a policy issued upon an application duly made, in its printed form, with the blanks filled up with the proposals of the applicant, signed by the applicant, and presented to the board of directors for their approval, or rejection, commonly acting through their executive committee.

Kyle was, on the 19th day of September, 1883, an agent of the association, with power only to take the formal application of the appellant, which does not purport to be a contract, but only his *proposal* for a contract of insurance, and to forward it to the board of directors, through their secretary, for their approval or rejection; he had no power to bind the association. And the appellant, in dealing with the said association, through him, was bound to take notice of its charter, constitution and by-laws. *Bockover* v. *Life Association of America*, 77 Va. (2 Hansbrough) 91, quoting from *Rolfe* v. *Rundle*, 13 Otto, 222.

This court, in *Woody* v. *Old Dominion Insurance Co.* 31 Gratt. 371, says: "The courts of Massachusetts give the greatest effect to the by-laws of a mutual insurance company in restricting the powers of its officers."

We think the circuit court erred in holding that the appellant had misrepresented his title to the property sought to be insured;—either by his answer to the 9th question—"What is your title to, or interest in the property to be insured?" viz: "Fee simple;" or by his answer to the 10th question—"Is your property encumbered?" viz: "None." The appellant undoubtedly acted in the most perfect good faith, and his interest in the house to be insured was substantial and exclusive against any and all others for his life; and his contingent or reversionary interest might, at any time, have become a fee simple interest; while the only encumbrance was a claim of his sister, Mrs. Hood, to a reversionary interest in the land, which was in-

significant and unimportant in proportion to the value of the whole land, exclusive of the house. Such as it was, however, technically the record shows that he stated the facts to the agent, Kyle. who filled up the blanks with his answers, "Fee Simple" and "None." The misrepresentation, if any, was simply technical and unintentional; and was immaterial, withal. "Any *material* misrepresentation will ᵥavoid a policy." Flanders on Insurance, 361.

We are of opinion that the circuit court erred in overruling the demurrer to the bill, the ground of which was want of jurisdiction in the court of equity to entertain the case set out by the bill. A court of equity has jurisdiction to enforce specific performance of a contract of insurance made with the agent of an insurance company, having authority to issue policies or to make binding contracts for said company to issue a policy, and the premium has been paid; but where, before the policy has been issued, or the application has been referred to, and considered and approved by the only authority in the association, which, by its charter, constitution and by-laws, can make a complete and binding contract of insurance for the company or association, the property proposed to be insured is consumed by fire, there can be no complete contract which a court of equity can enforce. *Woody* v. *Old Dominion Insurance Co.*, 31 Gratt. 362; *Haskins* v. *Ag. Fire Insurance Co.*, 78 Va. (3 Hansbrough) 700. But the bill must, on its face, distinctly state that such contract was made, and show when, where, how, and by whom it was made, and that the person making it had the authority to bind the company. The bill says that on the 19th of September, 1883, at appellant's house, R. P. Kyle insured appellant's house and furniture, and received the premium therefor, six dollars, and that the property was destroyed by fire before the policy was issued; and that the appellee refused to issue a policy after the house and furniture were burned; and also refused to pay the appellant any part of the sums of money at which said property was alleged to have been insured by its

agent, Kyle. But the bill does not state, distinctly or sufficiently, that the alleged contract was by parol or in writing; that it was by the taking of the application in writing, which was signed by the applicant, and not by the appellee, or its agent, and the payment of the premium, six dollars; or that it was by something outside of said application. The bill does show that the appellant was badly treated by the negligence of the appellee's agent in not sending on promptly and duly his formal application and proposal for insurance to the proper authorities of the association for their approval or rejection; but the negligence or tortious conduct of the defendant, or its agent, is not ground for jurisdiction in such a case as this in equity; the contract must be distinctly stated in the bill to protect it from a demurrer; and the contract must be proved, as stated in the bill; and, as stated and proved, it must be certain, fair and just, in all its parts, in order to support and maintain the bill, and to entitle the complainant to relief in equity. *Haskins* v. *Fire Insurance Co., supra.* Nor does the bill charge that Kyle, the agent, had the authority to bind the appellee by his contract so averred to have been made to insure said house and furniture; and the very idea and fact of a written application taken by an agent from an applicant desiring to have his property insured by the agent's principal, to be forwarded to that principal for approval or rejection, and making proposals for a contract of insurance by a policy yet to be issued or denied by that principal, is repugnant to the idea that a contract of insurance had already been made; that the formal application and terms proposed and submitted for a policy and contract of insurance, was a contract of insurance. The demurrer should, therefore, have been sustained. But, upon the evidence in the cause, the circuit court erred in decreeing that the appellant had established, by proof, such a contract of insurance with the appellee as entitled him to relief, in whole or in part; and that he recover of the appellee the value of the furniture alleged to have been insured, and which was destroyed by fire.

In the case at bar, Kyle was an agent to solicit and receive applications and proposals for insurance, and to forward them, with the premiums, to his principal for acceptance or rejection. He was supplied only with printed forms of application for this end and purpose; and this was the extent of his agreement with the appellee. Negligence cannot make a contract of insurance; delay cannot make a contract of insurance. *Winnesheik Insurance Co.* v. *Holzgraff*, 53 Ill. 516.

In *Haskins* v. *Ag. Fire Insurance Co.* 78 Va. (3 Hansbrough) 700, Judge Lacy says, for this court: " The fact that an application has been made for insurance, and a long time has elapsed, and the rejection of the risk has not been signified, does not warrant a presumption of its acceptance. In such cases there must be *actual acceptance, or there is no contract.*" Without a contract of insurance, this suit for specific performance cannot be maintained here, whatever might be the remedy and relief in an action at law for damages for the negligence of Kyle. Kyle was not authorized to make contracts of insurance for the appellee; and the evidence does not show that he made one. He explains his declarations to the appellant that his property was insured; he says he told him that it *would be* insured *if the executive committee approved his application.* Doubtless, he thought and said that the executive committee would approve it; but such a prediction or declaration, made after appellant's signing the application and paying the premium, did not, and could not, constitute a contract of insurance.

The decree complained of is erroneous, and must be reversed, and the appellant's bill be dismissed.

HINTON, J., dissented.

DECREE REVERSED in favor of the appellee.