JOHN R. WELSH, Appellant, *v.* THE CONTINENTAL INSURANCE COMPANY, Respondent.

*Power of an agent to bind an insurance company as to risks accepted by him, subject to the approval of the company, considered—when the question of acceptance should be submitted to the jury.*

Upon the trial of this action, brought to recover for a loss caused by a fire which occurred on January 24, 1881, by which the building and printing-office of the assignor of the plaintiff, located at Lancaster, South Carolina, were burned, it appeared that the defendant company had a general agency in the city of Atlanta, and that one Nelson was employed by it to solicit insurance by personal appli-

cation to persons owning property, and was entrusted with. blank printed applications and receipts, and in the course of that business received the premiums upon risks which were satisfactory to him, took the application of the owner and delivered receipts subscribed by himself for the future issuing of a policy, subject to the approval of the insurance company.

In the course of this employment Nelson filled out an application for a policy upon the building, and books and furniture therein, for the owner, B. F. Welsh, for the term of one year from January 5, 1881, received from him the premium to be paid, and delivered to him a receipt stating the application for the insurance for the term of one year, subject to the approval of the company, and acknowledged the receipt of the premium, the application being the same day mailed to the general agent at Atlanta.

On February fifteenth a letter was written to Welsh by the manager of the defendant's business, at Atlanta, informing him that the application had been laid before him on January twenty-sixth, and that when the class of hazard was ascertained it was rejected as a prohibited risk, and that the application was returned, and the agent so advised. Evidence that it took a letter three or four days to go from Lancaster to Atlanta and back by rail, and that the company had proposed to insure a printing-office and dwelling belonging to a witness, was given upon the trial.

*Held,* that the court erred in taking the case from the jury and dismissing the complaint, as the decision of the case depended upon a state of facts from which the jury might have inferred, if it had been submitted to them, that the insurance was intended to be binding from the time the application was accepted, and that it was satisfactory to the general agency of the company at Atlanta, after its receipt at that office, and was rejected only for the reason that the property was destroyed by fire before a policy was made out and delivered.

That if the agency actually accepted the application for the insurance, then it became a binding contract upon the defendant, even if, Nelson's authority extended no further than to receive and forward applications to the office, to be there either accepted or rejected.

*Walker* v. *Farmers' Insurance Company* (51 Iowa, 679) followed; *Winnesheik Insurance Company* v. *Holzgrafe* (53 Ill., 516) distinguished.

APPEAL from a judgment entered upon an order dismissing the complaint made at the circuit.

*John R. Abney,* for the appellant.

*Thomas H. Hubbard,* for the respondent.

DANIELS, J. :

The object of the action was the recovery for a loss caused by a fire burning the building and printing office of the assignor of the plaintiff located at Lancaster in the State of South

Carolina. The company had a general agency in the city of Atlanta, and James R. Nelson was in its employment soliciting insurance by personal application to persons owning property and desiring to obtain insurance. He appears to have been intrusted with blank printed applications and receipts to be used in the business in which he was employed. And in the course of that business received the premiums upon risks which were satisfactory to him, and took the application of the owner and delivered receipts subscribed by himself for the future issuing of the policy subject to the approval of the insurance company.

In the course of this employment he applied to Benjamin F. Welsh to take insurance from the defendant upon the building occupied and used by him as a printing office. Welsh agreed to take the insurance, and an application was filled out for it in the sum of $1,400; $600 on the printing office and $800 on books and office furniture therein for the term of one year, from January 5, 1881. This application was filled out by Nelson, and the sum of twenty-one dollars was paid to him for the premium. The agent then delivered to Welsh a receipt stating the application for the insurance for the term of one year, subject to the approval of the company, and acknowledging the receipt of twenty-one dollars for premium, "all to be returned if policy is not issued."

The evidence of Welsh was that he went with the agent, who at the post-office put the application into an envelope and mailed it to J. C. Gettys, general agent for the defendant at Atlanta in Georgia. His evidence further was that it took a letter three or four days to go from Lancaster, South Carolina, to Atlanta in Georgia and back by rail. But no answer appears to have been made to the application prior to the twenty-fourth day of January, nineteen days after the application had been mailed, and on the night of that day the building with its contents were destroyed by fire. On the fifteenth of February a letter was written to Welsh by S. M. Williams, the manager of the defendant's business at Atlanta, informing him that the insurance had been declined; that the application had been laid before him on the twenty-sixth, and when the class of hazard was ascertained, it was rejected as a prohibited risk, and the application was returned and the agent so advised. The court considering no liability to have been made out, and no case to have been

proved for submission to the jury, dismissed the plaintiff's complaint, to which an exception was taken.

No question was made upon the trial as to the right of the plaintiff to maintain the action, if the facts would authorize a verdict against the defendant. In support of his right to do so, it was shown that B. F. Welsh had, prior to the commencement of the suit, assigned the demand, for the recovery of which the action is prosecuted, to the plaintiff, to whom he was at the time indebted. By the letter which was written by Mr. Williams it was stated that Nelson, the agent, was authorized to do no more than to receive and forward applications for insurance for acceptance or rejection, at the office in Atlanta. This statement, while it was evidence upon the trial, was not so controlling as to conclude the plaintiff against taking the position that the company or its general agent had given Nelson such evidences of his authority as to entitle persons dealing with him to assume that he had the power to and did accept risks for the company from the time mentioned in the application; and that the risks so accepted by him would be operative and binding upon the company until it declined to accept, and, in fact, did reject the proposed risk. He was intrusted with blank receipts and blank applications to be used in the course of his business, and some reliance might reasonably be placed upon that fact as indicating an intention to authorize him to accept a proposed risk until it should be rejected by the agency of the company. If that was not the purpose or intention of the general agency, there would seem to be no object for inserting the date in the application from which the insurance was to take effect, or of paying the premiums upon the insurance extending over the period of one year from that date. Then, ordinarily, when the owner of property applies for insurance, and the application and premiums are received by the agent to whom the application is made, it would be his expectation that his property would be protected by a contract of insurance from that time, but liable to be rejected by the company on notice of that fact. That would be the understanding ordinarily arising in the course of the transaction of such business. These agents, under the authority of the general agent, frequently traverse extensive regions of country applying to owners of property to receive insurance, and having

the blank applications and blank receipts of the company with them, are certainly to that extent accredited as persons in the employment of the company entitled in the use of these instruments to receive applications, agree upon the amount of premium and the period of insurance, subject to the future approval or disapproval of the general agency. And from this employment and evidence of authority it certainly seems as though the owner of property would not be very much out of the way in assuming that he was insured after the delivery of his application and the payment of his premium, until the company should otherwise indicate its intention to be. That Nelson was authorized to act for the company in the employment of this general agency has not been denied, and it was shown upon the trial that upon other applications received by him policies had been issued by this general agency. And while in the letter of the manager the statement was made that this was a risk which would not be accepted by the company, evidence was given by the witness, D. J. Carter, to the effect that the company had proposed to insure his printing office and dwelling. The case of *Krumm* v. *Insurance Company* (40 Ohio, 225), is an authority in favor of the right of the plaintiff to maintain this action. But without going so far as to hold that he was entitled to recover upon this state of facts, it may, with great propriety, be held that the case depended upon a state of facts from which the jury might have inferred, if it had been submitted to them, that the insurance was intended to be binding from the time the application was accepted, and that it was satisfactory to the general agency of the company at Atlanta, after its receipt at that office, and was rejected only for the reason that the property was destroyed by fire before the policy was made out and delivered. They might very well have found from the evidence that the application was received at the Atlanta agency as soon as the sixth or seventh of January, and was satisfactory to the agency, as no evidence was given of a disposition to reject it prior to the time of the fire, and that the inducement to refuse the insurance afterwards was the destruction of the building. The letter of Mr. Williams, stating that the application had been laid before him for his consideration on the twenty-sixth of January, is not conclusive evidence by any means that it had not been accepted before the time of the fire. It was

simply the statement of the manager himself, contained in his letter written long after the loss had become known, and there was good ground for argument that the reason given for rejecting the application was not well founded in point of fact. If the jury should be satisfied from the evidence that the agency actually accepted the application for the insurance, then it did become a binding contract upon the defendant, even if Nelson's authority extended no further than to receive and forward applications to the office at Atlanta, to be there either accepted or rejected. If the application was accepted before the fire then the company became bound, under the authorities, to make good the loss. It would, from that time, certainly be a binding contract of insurance, and obligatory upon the company at the time when the fire took place. (*Ellis* v. *Albany Ins. Co.*, 50 N. Y., 402: *Audubon* v. *Excelsior Ins. Co.*, 27 id., 216; *Insurance Co.* v. *Wilkinson*, 13 Wall., 222; *Boice* v. *Thames, etc., Ins. Co.*, 38 Hun, 246.)

In *Walker* v. *Farmers' Insurance Company* (51 Iowa, 679), it was considered, and so the law undoubtedly is, that the company would be bound from the time of accepting the application. The case of *Winnesheik Insurance Company* v. *Holzgrafe* (53 Ill., 516) so far passed off upon the rule of evidence in that State that a contract cannot be partly in writing and partly in parol, as to be entitled to no weight in this case.

For the determination of the present appeal it is entirely safe to hold that the case was one for the jury and not for the dismissal of the complaint, and that the plaintiff is entitled to submit the question to the determination of a jury, even if Nelson was not in fact authorized to bind the company from the time of the acceptance of the risk by him and the delivery of the application to him, whether the application was not received and accepted by the general agency at Atlanta before the time when the fire took place. And if it was, then the plaintiff, on this evidence, would be entitled to recover. The judgment should be reversed and a new trial ordered, with costs to abide the event.

Van Brunt, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.