# CHARLESTON

Tucker *v.* Farmers Mutual Fire Association.

Submitted June 11, 1912.    Decided January 28, 1913.

1. Specific Performance—*Nature of Contract—Contract of Insurance.*

Equity has jurisdiction to enforce specific performance of a contract for insurance, or in lieu thereof give decree for the loss sustained thereunder. (p. 691).

2. Insurance—*Contract—Application.*

An agent of a mutual fire insurance company authorized to solicit applications and give receipts for premiums and membership fees and take premium notes, on blank forms provided by defendant, on receiving his application money and note, and on the same day executed and delivered to plaintiff the following receipt: "Received of W. D. Tucker on Application for Insurance against Loss or Damage by Fire or Lightning by the Farmers' Mutual Fire Association of West Virginia, on property to the amount of $1200.00 for the term of Three years; Cash Premium paid $3.00; Membership Fee paid $2.00, Total $5.00. Note for premium, etc., due on the ...... day of ................., 19...., for $............ with 6 per cent. interest from date until paid. If paid within sixty days interest waived; if not then paid interest will be charged from date, all of which are to be returned if a policy be not issued. Policy to be sent by mail. Dated at residence this 13th day of October, 1910. Insurance takes effect noon 13th day of October, 1910." Signed, "W. E. Lowther, Agent." "Home Office, Fairmont, West Va." The application and receipt, under the constitution and by-laws of the defendant and facts proven constituted a contract for immediate insurance, binding the company for any loss sustained thereafter and before policy issued. (p. 692).

Appeal from Circuit Court, Jackson County.

Bill by W. D. Tucker against the Farmers' Mutual Fire Association of West Virginia. Decree for complainant, and defendant appeals.

*Affirmed.*

*Warren Miller,* for appellant.

*T. J. Sayre, W. H. O'Brien* and *E. L. Stone,* for appellee.

Miller, Judge:

The bill prays that defendant be required to issue and deliver to plaintiff a policy of fire insurance in accordance with the contract alleged; or in lieu thereof that he have a decree against it for the amount of the insurance contracted for by reason of the loss sustained by fire as alleged.

That equity has jurisdiction in such cases to enforce specific performance, of a contract for insurance, or in lieu thereof, give a decree for the loss sustained thereunder is well settled in this state and elsewhere. *Croft* v. *Hanover Ins. Co.,* 40 W. Va. 508, 21 S. E. 854, 52 Am. St. Rep. 902; *Wooddy* v. *Old Dom. Ins. Co.,* 31 Grat. 362; *Haden* v. *Farmers & Mechanics Fire Ass'n.,* 80 Va. 683; 16 Am. & Eng. Ency. Law and P., 853; *Haskin* v. *Agricultural Fire Ins. Co.,* 78 Va. 700, syl. 1.

The decree appealed from found that defendant became bound by contract made October 13, 1910, the contract alleged, to pay plaintiff in case of loss by fire of his dwelling house and contents therein, the amount set forth in his written application filed, being nine hundred dollars on the dwelling house and contents, as mentioned and embraced in a receipt for premium and membership fees filed as an exhibit, signed by Lowther, agent; and that said contract was and is a binding contract on defendant for insurance from noon of October 13, 1910, until plaintiff's application of that date should either be accepted and a policy issued thereon, or should be rejected and the premium and membership fees paid and acknowledged therein returned to him; that although no policy had been issued at the time of the fire said premium and membership fees, and premium note, also receipted for, had not been returned by defendant until after the institution of this suit, when they

were deposited in court; that said dwelling house and contents had been totally destroyed by fire on October 21, 1910, and that the loss sustained thereby amounted to at least $900.00. And it was thereby adjudged and decreed that plaintiff recover of the defendant nine hundred dollars with interest from the date of the decree until paid and costs.

Defendant is a mutual insurance company, organized under section 9, chapter 55, Code 1906, and is not a joint stock company. The receipt given plaintiff by Lowther, agent, and which it is alleged evidenced the contract, was prepared on a printed form furnished by defendant company to its agents. The letters and figures shown in italics are those inserted in the printed form by the agent, Lowther, as follows: "Received of *W. D. Tucker* an Application for Insurance against Loss or Damage by Fire or Lightning by the Farmers' Mutual Fire Association of West Virginia, on property to the amount of *$1200.00* for the term of *Three* years; Cash Premium paid *$3.00*; Membership Fee paid *$2.00*, Total *$5.00*. Note for premium, etc., due on the ...... day of ............, 19.., for $............ with 6 per cent. interest from date until paid. If paid within sixty days interest waived; if not then paid interest will be charged from date, all of which are to be returned if a policy be not issued. Policy to be sent by mail. Dated at residence this *13th* day of *October, 1910.* Insurance takes effect noon *13th* day of *October, 1910.*" Signed, *"W. E. Lowther,* Agent." "Home Office, Fairmont, West Va." The last sentence of the receipt is the one around which the main controversy centers.

That such a paper constitutes not only a receipt but also a contract has been decided by this Court. *Sheppard* v. *Peabody Ins. Co.*, 21 W. Va. 372. The receipt there involved was as follows: "Rec'd of John A. Sheppard, adm'r, ten dollars, am't due on Peabody Insurance policy, commenced 3 day of September, 1874, till 3, 1875. Geo. E. Cordell, Agent, Charlestown, W. Va.". The Court at page 382, referring to its effect to renew an old policy, says: "For this receipt is not only a receipt, but is also a contract, while so far as it operates as a receipt, parol evidence may be introduced to vary it, but so far as it operates as a contract being in writing, it cannot be

changed or modified by parol proof." Citing numerous cases.

The extent of the authority of Lowther, agent, in the premises, is conceded by counsel for appellant to be the crucial question for decision. In this we concur; for if the court below was justified on the pleadings and proofs in finding that the receipt involved amounted to a contract for insurance to begin according to its terms, on October 13, 1910, and that Lowther was authorized to make such contract, that is the end of the case. We find nothing in the law under which defendant was organized, and we know of no general rule of law depriving a mutual insurance company organized under such a statute from making contracts for insurance to commence prior to the issue of a policy or certificate of membership, if the company so determines. Certainly such contracts are common with other insurance companies, fire and life. It depends on the policy of the company, and the authority of the agent effecting the contract, or how he was held out to the public; for the extent of his powers may be determined in this manner as well as from express written authority. *Sheppard* v. *Peabody Ins. Co., supra*, 368, syl. 10.

Reliance is placed on the terms of the receipt; the by-laws, and the terms of plaintiff's application by which he was to be governed thereby, as evincing lack of authority, and as conditioning his membership on acceptance of his application by the defendant company. The receipt does say, referring to money paid and premium note, "all of which are to be returned if a policy be not issued." But considering the nature of the insurance business, and the manner that business is generally conducted, there is nothing in this provision inconsistent with a contract that before policy issued the insurance should be effective to protect the applicant. The very words of the receipt are: "Insurance takes effect noon 13th day of October, 1910", not that it is to take effect if policy issues, or upon some other contingency, but that it does take effect *in praesenti,* immediately. Strengthening the intention evidenced by the plain words of the receipt, plaintiff swears that his contract with Lowther was just as the receipt reads, for insurance to begin on the day he made his application and paid his money and gave his note.

Article 7, of the constitution and by-laws is particularly relied on, providing: "The president shall preside at the meetings of the board and shall, when ordered by the board, execute all contracts and agreements, and when so executed (they) shall be binding on the association * * *. The secretary shall attend all meetings of the board, when practicable, and make and keep a proper record of proceedings and business transactions, and issue policies of insurance for the terms of three years—said policies to be issued in the name of the association. Upon the issuance and delivery of the policy as aforesaid, and the acceptance thereof by the applicant a completed contract arises between the insured and the insurer, and *the applicant thereby becomes, and is, from that date, or from the time fixed in the policy for the commencing of the risk, a member of the association* for the period of three years therefrom, unless his membership therein be forfeited for some of the causes or reasons stated in the constitution and by-laws of the association." Note the language of this article which we have italicized. Note that under it an applicant may become a member, and if a member, entitled to all the benefits, not alone from the date of the actual issuing of the policy applied for, but from the time fixed in the policy for commencing the risk. Does not the form of receipt given plaintiff, by Lowther, agent, a form furnished by the defendant company, and on which he was authorized to solicit applications for insurance, and to make contracts therefor, fit into this provision of the constitution just referred to? We think it does. It gives power to the executive officers to make the contract for insurance antedate the date of the policy, and to fix a prior date for the commencement of the risk, and the membership of the applicant.

That such a contract is legal and binding is fully established not only by reason, but by authority of judicial decision. We quote points one and two of the syllabus in *Starr* v. *Mutual Life Ins. Co.*, 83 Pac. 116, as embodying the correct principles applicable here. Point 1: "An application for a life policy was made on a printed form with none of the blanks filled, and provided that it was the basis and part of a proposed contract for insurance which should not take effect until the first premium had been paid during the continuance of the insured

in good health and until the policy should have been issued. As a part of the same transaction and at the same time a binding receipt was executed, wholly in writing, reciting that the applicant had paid to the soliciting agent a certain sum, and that such agent had furnished the applicant with a binding receipt therefor, making the insurance in force from that date, provided that the application should be approved and the policy be duly signed by the secretary at the head office of the company and issued, and that such policy, if issued, should take effect as of the date of such receipt. *Held,* that the receipt controlled the application, which being accepted, a binding policy of insurance was created, though the policy was not actually issued at the home office of the company until after assured had died, and for that reason was never delivered." Point 2: "Where a soliciting agent for an insurance company executed a binding receipt to an applicant for insurance, making the insurance in force from the date of the receipt, providing the application was accepted, and the policy issued, the insurer was not entitled to deny the authority of such soliciting agent to make such a contract, in the absence of notice of a limitation of the agent's authority to the applicant." Other authorities cited and relied on to the same effect are, 16 Am. & Eng. Ency. Law, 851, 852, 853, *Queen Insurance Co.* v. *Hartwell Ice Co.*, 68 S. E. 310; *Hardwick* v. *State Insurance Co.*, 26 Pac. 840; 28 Cent. Dig. 731; *Mississippi Valley Life Ins. Co.* v. *Neyland*, 72 Ky. 430; *Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454; *Halle* v. *New York Life Ins. Co.*, 58 S. W. 822.

We see no merit in the point that the contract for insurance was voided by breach of warranty by plaintiff.

Our conclusion is to affirm the decree.

*Affirmed.*