# ROCKFORD INSURANCE COMPANY

## V.

## WILLIAM A. BOIRUM.

*Fire Insurance—Policy — Conditions— Breach — Vacancy—Waiver— Scope of Agency.*

1.   One procuring insurance in behalf of a given company, by sending to it the application of a person named therefor, upon which a policy was issued, becomes the agent of the company, and it will be bound by the contract which he made with the applicant, but not necessarily as to waivers and contracts subsequently made by him therewith.

2.   In an action brought to recover upon an insurance policy covering a building, vacant when burned, this court holds that the evidence does not justify the assumption that the agent in question was authorized to waive a condition therein touching vacancies, after the contract was completed.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Messrs. WITHERS & RAINEY and MARSHALL & TAGGART, for appellant.

Mr. JAMES R. WARD, for appellee.

CONGER, P. J.    This was an action upon a policy of insurance, which resulted in a judgment in favor of appellee for the sum of $400.    The principal defense was that at the time the property was destroyed by fire, it was and had been for some weeks vacant and unoccupied, in violation of the terms of the policy.    Appellee claimed that this provision of the policy had been waived by appellant.

The application was taken by one Fesler, who appeared to be a traveling and soliciting agent of appellant.    The policy was issued June 6, 1887; after the policy was issued, the house became vacant, the company was notified, and sent appellee a permit for the vacancy.

In the fall of 1888 the house again became vacant, and appellee informed Fesler of that fact, who replied that "it did not make any difference; that the insurance was just as good with the family out of the house, as in."

This and similar declarations of Fesler are relied upon as a waiver of the clause in the policy declaring it shall be void if the premises become vacant and unoccupied.

Upon this evidence the court gave to the jury the following instruction:

5.    "If the defendant company had previously allowed J. H. Fesler to use its blanks in aiding him to solicit and secure insurance in the defendant company, and delivered to the plaintiff in due course of mail or otherwise, the policy read in evidence with the name of J. H. Fesler indorsed thereon as a person by whom the application upon which the policy was issued, was sent into the company, then the company is estopped from denying that it ratified and accepted the act of J. H. Fesler, as its agent; such facts, if proven, would sufficiently establish that J. H. Fesler, in securing the policy of insurance read in evidence, acted as an agent of the defendant with the knowledge and consent of its officers, and if the evidence shows J. H. Fesler was such agent and as such, with the knowledge that the house insured had been or was vacant and unoccupied, induced the plaintiff to believe that the company would not insist upon a forfeiture of the policy on that account, then said Fesler waived such forfeiture, and such waiver would be binding upon the defendant."

The first proposition contained in this instruction, *i. e.*, that if Fesler procured the insurance by sending in the application upon which the company issued the policy, Fesler would be the agent of the company, and it would be bound by the contract which Fesler as its agent may have made with appellee, may well be regarded as sustained by the authorities. But it by no means follows that because the company would be so bound as to the contract made, that after that time Fesler would have authority to either make a new contract for the company, or waive any of the provisions of the one he had made. And in conveying such an idea to the jury, we think the instruction was erroneous, and tended to mislead the jury.

It is said in appellee's statement that appellee, when he made his application, told Fesler that the premises were liable to be vacant, and upon Fesler's assurance that that would make no difference, consented to take the policy. No such evidence appears in the record; there was an offer to prove it, but it was not admitted by the court; hence it is not necessary to determine what effect such evidence might have had, as no cross-errors are assigned upon the ruling of the court.

We are compelled to reverse the judgment of the Circuit Court because of the giving of the fifth instruction, and others containing the same error.

The question was not properly before the jury whether or not the company had agreed, through the representations and statements of Fesler at the time the contract was made, that the premises becoming vacant should not work a forfeiture of the policy, but whether Fesler was such an agent of the company as would be authorized to waive such condition after the contract was completed; and we are satisfied that, from the proofs offered on the trial, he was not.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*