HOME FIRE INSURANCE COMPANY V. STANISLAUS
GARBACZ.

FILED JUNE 16, 1896.   No. 6611.

1. **Insurance: FAILURE TO PAY PREMIUM NOTE: EFFECT.** An insurance
company may by its policy provide that upon the failure of the
insured to pay in full at maturity a premium note therein de-
scribed said policy shall lapse and remain inoperative while such
note remains unpaid, and such condition, unless waived, is a com-
plete defense to an action by the insured for a loss during the
period of default.

2. **Principal and Agent: DELEGATION OF AUTHORITY.** Authority con-
ferred upon an agent requiring the exercise by him of special
skill, judgment, or discretion cannot, in the absence of a known
usage, unless justified by the necessities of the case, without the
consent of the principal, be delegated to another.

ERROR from the district court of Valley county. Tried
below before THOMPSON, J.

*Jacob Fawcett* and *Greene & Breckenridge*, for plaintiff in
error.

*A. M. Robbins, contra.*

POST, C. J.

This was an action in the district court for Valley
county, where the defendant in error as plaintiff was per-
mitted to recover for the value of three mares, one mule,
and one two-year-old colt, being property covered by the
policy of insurance, which is the basis of the action.

Of the several allegations of error one only needs be
noticed at this time.  In the policy introduced in evi-
dence we observe the following condition: "It is hereby
understood that if the premium is not paid in cash at the
time of making the application for this insurance, and a
note, notes, or obligation is given for the whole or a part
of the premium on this policy of insurance, that it is a
condition of the acceptance of such application, and the

issue of this policy, that such note, notes, or obligation
shall be promptly paid when due—time, as to such pay-
ment, being the essence of the acceptance of such note,
notes, or obligation, and the issuing of this policy, and if
not paid when due, this policy shall lapse at the maturity
of said note, notes, or obligation, and cease to be in force,
and be and remain inoperative while past due and un-
paid, and until such past due note, notes, or obligation is
fully paid, and this company shall not be liable during
such default, and no demand or legal action on the part
of this company to secure it or enforce payment, shall be
construed as reviving the policy. The payment after
maturity of such note, notes, or obligation, in whole or in
part, and its acceptance and retention by this company,
shall not render this company liable for any loss occur-
ring after the maturity of such note, notes, or obligation,
and while the same or any part thereof remain past due
and unpaid, nor shall such subsequent payment and its
retention by this company be construed to be retroactive,
or to extend the policy beyond its original term, or be
deemed a waiver of any condition in the policy, applica-
tion, or note. The actual payment of such past due note,
notes, or obligation to the company or its authorized col-
lector having such note in his possession for collection,
revives the policy as to such note, notes, or obligation,
from and after the date of such payment, and its receipt
by said company." On the part of the defendant below
it was shown that a note of $11.50, the consideration for
said policy, matured January 1, 1890, and on October 27,
following, said note remaining wholly unpaid, suit was
commenced thereon. On the 1st day of November said
action was dismissed before judgment, upon the execu-
tion of a new note for $17.85, due forty days after date,
being the amount of the note first described, with interest
and costs expended and incurred in the prosecution of
said action by the defendant in error. The last men-
tioned note was taken by Mr. Coffin, whose relation to
the plaintiff in error was that of an attorney and collec-

tion agent, as "collateral" to the note for $11.50, and is so designated by an indorsement thereon.    It also contained the following interlineation, apparently in the same hand as the other writing thereon, viz.: "This note does not revive policy."  An attempt was made to prove that the words quoted were added without the consent of the maker, subsequent to the execution and delivery of the note, but with what success it is needless to determine, for reasons hereafter appear.   The loss, as shown by the proofs, occurred by fire on the 19th day of December, 1890, subsequent to the maturity of the second or collateral note and at which time the said premium was wholly unpaid, wherefore it is argued that the policy had by virtue of the foregoing stipulation lapsed and remained inoperative up to and including the date mentioned.

A provision similar to that relied upon was held by this court in *Phenix Ins. Co. v. Bachelder*, 32 Neb., 490, and same case 39 Neb., 95, to be reasonable, and a complete defense to an action for a loss which occurred during the period of default.   We have no doubt of the soundness of the conclusion there stated, which is in accord with the decided weight of authority, if indeed there can be said to exist a diversity of opinion upon the subject.  But an attempt was made to prove a waiver of the foregoing condition of the policy by an extension of time for payment of the collateral note.   In support of that contention the defendant in error testified to a conversation relating to said note, the day preceding its maturity, with Mr. Coffin's clerk and stenographer, Miss McMahon, in which the latter agreed to extend the time for payment thereof until January 1.   He is, however, contradicted by Miss McMahon, who testified that the defendant in error, about the time in question, called at the office in which she was employed and spoke about an extension of his note, but was referred by her to Mr. Coffin as the only person having authority to grant his request.   The district court should, we think, have directed a verdict for the plaintiff in error without regard to the testimony of

the last named witness, since there is an evident failure of proof upon the issue of a waiver. Mr. Coffin was, it may be assumed, authorized, in behalf of the plaintiff in error, to allow the extension sought, but such authority implies the exercise of a judgment or discretion which in the absence of a known usage, unless justified by the necessities of the case, cannot without the consent of the principal be by an agent delegated to another. (*Furnas, Irish & Co. v. Frankman*, 6 Neb., 429; *Commercial Bank of Lake Erie v. Norton*, 1 Hill [N. Y.], 501; *Titus v. Cairo & F. R. Co.*, 46 N. J. Law, 393; *Ruthven v. American Fire Ins Co.*, 60 N. W. Rep. [Ia.], 663; Mechem, Agency, sec. 186, and cases cited. Had Miss McMahon been in this instance expressly authorized by Mr. Coffin to allow the alleged extension, her act in that behalf would not, in view of foregoing authorities, conclude the plaintiff in error in the absence of a subsequent ratification concerning which the record is silent.

REVERSED AND REMANDED.

HARRISON, J., not sitting.