## MERCHANTS' & PLANTERS' INS. CO. v. MARSH.

No. 1848. Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1100.)

1. **PLEADING—Departure—Remedy.** An objection to a pleading on the ground of a departure must, in this jurisdiction, be raised by a motion to strike. It cannot be raised by demurrer, or by an objection to the introduction of evidence.

2. **INSURANCE — Agents—Conditions—Power to Waive.** A local agent of an insurance company, who has authority from the company to solicit, execute, and deliver contracts of insurance, has power to waive the conditions of the policy, such as the "additional insurance clause" and the "incumbrance clause," at the time of the execution and delivery of the policy.

3. **SAME.** A local agent of an insurance company, whose only power is to solicit applications for insurance, and forward them to the company for approval, when, if approved, the company issues the policy and causes it to be delivered to the insured, has no power to waive any of the provisions of the policy so delivered, and notice to such agent of "additional insurance" taken out by the insured after the delivery of the policy is not notice to the company.

4. **PLEADING—Reply—New Matter—Departure.** Comp. Laws. 1909, sec. 5642, provides that, when an answer contains new matter, plaintiff may reply, denying generally or specifically each allegation controverted by him, and may allege any new matter not inconsistent with the petition and constituting a defense to the new matter in the answer. Held, that where, in an action on a fire policy, plaintiff alleged compliance with all the terms and conditions thereof, and defendant answered, alleging a breach of the additional insurance clause without the insurer's consent indorsed on the policy, a reply, admitting the taking out of additional insurance without consent of insurer indorsed on the policy, but alleging that, because of the knowledge thereof and acts of defendant's agent, the clause was waived, constituted a departure.

(Syllabus by Brewer, C.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by H. A. Marsh against the Merchants' & Planters' Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*Davidson & Malloy,* for plaintiff in error.

*Stanford & Cochran,* for defendant in error.

Opinion by BREWER, C.   This is a suit brought to recover on a fire insurance policy. It was commenced in the district court of Okmulgee county on October 3, 1908. The policy was issued August 10, 1907. The property insured was destroyed by fire June 2, 1908. The plaintiff in the district court recovered the full amount named in the policy, and is defendant in error in this court.

In the petition filed below the plaintiff declared on the policy, attached copy to his petition as part thereof, alleged the loss of the insured property by fire, the value of the property destroyed, and "that more than 60 days have elapsed prior to the commencement of this suit, after sufficient proof of the loss and damage by fire as aforesaid, and that the plaintiff has duly complied with all the terms and conditions of said policy to be kept or performed." The defendant filed answer, consisting of a general denial, and alleged, as special defenses, a violation by plaintiff of the conditions and terms of the policy, in that he had violated the clause prohibiting additional insurance without consent of the company indorsed on the policy; also that a portion of the goods insured had been removed from the premises without such consent; and also that the title to the property was not as stated in the policy, together with other defenses not necessary to be recited here. To this answer the plaintiff filed a general denial by way of reply. Upon the issues thus presented, a jury was impaneled and the cause proceeded to trial. During the trial plaintiff filed an amended reply, in which he admitted the taking out of additional insurance, and that consent so to do had not been indorsed on the policy, but alleged that, because of the

knowledge and the acts of the agent of the company, the said provision had been waived. The plaintiff also met the other special defenses by alleging waivers of the same. The defendant objected to the filing of this reply, and after it was filed moved to strike the same, because it was a departure and inconsistent with the allegations of the petition. Defendant also demurred to the reply. Both motion to strike and the demurrer were over-ruled by the court, to which exceptions were saved. At the close of the evidence defendant asked a peremptory instruction in its favor, which was refused.

Under our view of the case, only two propositions are neces-sary to be discussed. They are: First, the action of the court in refusing the motion to strike the reply on the ground of de-parture; second, the question of additional insurance, and the al-leged waiver, and the evidence regarding same.

First. On the first proposition, that of departure, we think the court materially erred. This is manifest under the former decisions of this court. We are aware that in many Code states this practice is permitted; but in this state, under our Code, it has been held to be a departure, as inconsistent with the petition. The statute relative to what may properly be stated in a reply seems to confine the same to allegations not inconsistent with the petition. The statute is as follows:

"Sec. 5642. When the answer contains new matter, the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; and he may allege in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, and consti-tuting a defense to such new matter in the answer. * * * "

This statute was construed by this court in a case wherein the peladings were in a state identical with the case at bar, ex-cept that the defect in the case decided was taken advantage of by an objection to the introduction of evidence and by a motion for a judgment on the pleadings. The case referred to is *St. Paul Fire & Marine Ins. Co. v. Mountain Park S. F. Co.,* 23 Okla. 79, 99 Pac. 647. In that case the court held that there was clearly a departure, but that, inasmuch as it had not been taken advantage of in the proper manner, it was waived; and the court

proceeds at length to discuss the question, and examines and collects in the opinion numerous authorities, showing that, in case of a departure, the proper way to raise and save the question is by a motion to strike, as was done in the case at bar. It is almost as essential that there be rules regulating pleadings, and the joining of issues, as that there be pleadings at all; and when a rule has been carefully considered and announced for the guidance of attorneys in an important matter of pleading, it will not do to say that it may be entirely ignored. We quote somewhat extensively from the case cited above, believing such course to be of service to the bar of the state. After stating the facts as suggested above the court say:

"That this was a departure there is no doubt, but neither method of assault called the court's attention to a departure in the reply, which could not be taken advantage of under our practice, except by motion to strike, as the same is no ground for demurrer under our statute. 6 Enc. of Pl. & Pr. 468, lays down the general rule thus: 'In most of the United States departure may be taken advantage of by a general demurrer. In other states, however, it has been decided that advantage is to be taken of a departure in an opponent's pleading by a motion to strike out or by an objection to its filing'—citing authorities. We have examined all the works available on Code pleading, and in none of them find it laid down or intimated that this defect can be taken advantage of by objecting to the introduction of evidence under the pleadings. The only case called to our attention where it is so held is *Johnson v. State Bank of Seneca,* 59 Kan. 250, 52 Pac. 860, which, while admitting the general rule to be as stated *supra,* cites no authority to support the rule laid down in that case, and we refuse to follow it. Rather will we follow the practice as indicated in a later case decided by that court in *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272, in which was recognized the rule as stated in 6 Enc. Pl. & Pr. 468, *supra.* In that case the pleadings were in a state identical with those in the case at bar, except that the reply was assailed for a departure by both a demurrer and a motion to strike. The former the court refused to consider, because not filed in time. The latter was heard and overruled, which was so far held to be the proper practice that the same was not questioned. On appeal, the Supreme Court held that in failing to strike the reply the trial court erred, and for that reason reversed and remanded the cause for a new trial. In *Magruder v. Admire,* 4 Mo. App. 133, the

court held the reply to be a departure, and that the trial court erred in refusing to strike it out. In *Freeman v. Speegle,* 83. Ala. 191, 3 South. 620, it is held that the proper mode of raising the question of departure is a motion to reject or to strike from the files, and that the same could not be raised by demurrer, citing *Railroad v. Mallon,* 57 Ala. 168. See, also, *Morris v. Beebe et al.,* 54 Ala. 300. It is obvious that this is the better practice, as, in case the motion to strike is sustained, it calls attention sharply to the defect in the pleading, and gives the plaintiff an opportunity to amend his petition before going to trial."

There is nothing to be added to the above. It stands as a careful, well-considered construction of the statute. It imposes no hardship on the pleader; in fact, it was announced to obviate hardship. If the pleader unthoughtedly falls into this error, the motion to strike, stating the grounds, calls his attention pointedly to his mistake, at a time when he can correct it and save his case. If he does not care to do so, but rather prefers, because disagreeing with the wisdom of the rule, to risk his case on the theory that the court will overturn the same upon further consideration, he ought not to complain if the court disappoints him by not doing so.

Second. Our conclusions on the first proposition, as stated above, require a reversal of this case. But the requirements of justice and the rights of the parties in this suit compel us to go further and consider the second proposition. It is admitted that, long after the issuance of the policy, additional insurance on the property was taken out and was in existence at the time of the loss, and that the consent of the company had not been obtained and indorsed in writing upon the policy in suit; but it is attempted to be shown that the company through its local agent waived the same. The policy sued on is one sometimes called "a home office policy"; that is, one issued direct by the president and secretary of the company, as contradistinguished from one issued by a local agent, and which is required to be countersigned by such local agent. The policy provides:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract

of insurance, whether valid or not, on property covered in whole or in part by this policy."

Upon the question of changes, modifications, or waivers affecting the same, the policy further provides:

"And no officer, agent, or other representative of this company, except the president or secretary of this company, in Muskogee, Oklahoma, shall have power to waive, change, or modify any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative, except the president or secretary of this company, in Muskogee, Oklahoma, shall have such power, or be deemed or held to have waived, changed, or modified such provisions or conditions, and such waiver, if any, shall be written upon or attached hereto. * * * "

The rule has been recently announced in this court that a local agent of an insurance company, clothed with authority to solicit and execute, by countersigning as agent, a contract of insurance, has power to waive the conditions of the policy, such as the "additional insurance clause" and the "incumbrance clause," at the time of the execution and delivery of the policy. *Western National Ins. Co. v. Marsh, ante,* 125 Pac. 1094; *Ins. Co. of North America v. Little, ante,* 125 Pac. 1098. But it will be observed, by referring to those cases, that they were predicated upon the fact that the agent had authority to execute and deliver the contract; that he was in fact, as has been sometimes said, the company's *"alter ego"*; and, further, that those cases do not extend the rule to cases of alleged waivers after the execution and delivery of the contract, although it is true that there is much authority extending the rule to that length. The case at bar has not been brought within the rule announced in those cases.

In this case the character of the alleged local agent, or the nature or extent of his power and authority as such, are not in any way made to appear. He did not countersign, nor does his name anywhere appear on, the policy, or on the written application upon which it was issued. No attempt is made to show that he was clothed with power to take risks, or execute and deliver policies, for this company. The policy was executed at the home office of the company, by the president and secretary

of the company, upon written application of the insured. It is not shown how, when, or by whom it was delivered. The company, in its brief, asserts, and it is not challenged, that the local agent was merely a soliciting agent, with no power except to take applications for insurance and forward them for approval to the home office, which, if approved, issued the policies and caused them to be delivered. The record supports this statement, although it is not clearly shown. This being the nature of the agency, at least as far as the proof shows, the question of the knowledge and acts of such agent relative to implied waivers is very different from that in cases where the agent has power to accept the risk and countersign and deliver the contract of insurance.

The burden of showing the power and authority of the agent, and the nature and extent of his agency, was upon the plaintiff. He has not discharged it. This general rule is stated in Wood on Insurance thus (section 17):

"The burden is upon the person seeking to enforce a parol contract of insurance to establish, not only the making of a contract, but also the authority of the agent to make it, and, if any waiver is relied upon, both the waiver and the authority of the agent to make it. * * *"

The general rule stated in 16 A. & E. Ency. Law (2d. Ed.) 915, regarding the power of soliciting agents, seems to be supported by the current of decisions. It is:

"A soliciting agent, who is authorized to receive applications for insurance and to transmit them to the company for its approval, but who has no authority to pass on risks or to make contracts of insurance, cannot bind the company by an oral agreement for * * * or consent to additional insurance. * * *"

We are aware that there is much conflict in the authorities regarding the power of such agents, relative to questions of waiver, where they arise or grow out of the taking of the application; such, for instance, as misstatements made in the application, when written out by the agent for the insured, etc.; many cases holding the company liable upon the ground that the taking of the application, and matters done by him in connection therewith, are within his power. But, in cases where the agent has

only the power to take applications and forward them to the company for its approval, and after the policies have been issued thereon and delivered, we think the great weight of authority supports the rule that such agent has no power to change, modify, or waive any of the conditions of the policy, and that, if he does so, it will not be binding on the company. In support of this general proposition we cite the following cases from fifteen states: *O'Brien v. New Zealand Insurance Co.*, 108 Cal. 227, 41 Pac. 298; *Smith v. Continental Ins. Co.*, 6 Dak. 433, 43 N. W. 810; *Rockford Ins. Co. v. Boirum*, 40 Ill. App. 129; *Dryer v. Security Fire Ins. Co.*, 94 Iowa, 471, 62 N. W. 798; *Armstrong v. State Ins. Co.*, 61 Iowa, 212, 16 N. W. 94; *Bowlin v. Hekla Fire Ins. Co.*, 36 Minn. 433, 31 N. W. 859; *Putnam Tool Co. v. Fitchburg Mutual Fire Ins. Co.*, 145 Mass. 265, 13 N. E. 902; *Lohnes v. Ins. Co. of North America*, 121 Mass. 439; *Embree v. Insurance Co.*, 62 Mo. App. 133; *Home Fire Ins. Co. v. Garbacz*, 48 Neb. 827, 67 N. W. 864; *Heath v. Insurance Co.*, 58 N. H. 414; *Bush v. Westchester Fire Ins. Co.*, 63 N. Y. 531; *Van Allen v. Farmers' Joint-Stock Ins. Co.*, 64 N. Y. 469; *Healey v. Imperial Fire Ins. Co.*, 5 Nev. 268; *Insurance Co. v. Johnson*, 23 Pa. 72; *Hankins v. Rockford Ins. Co.*, 70 Wis. 1, 35 N. W. 34; *Fleming v. Hartford Fire Ins. Co.*, 42 Wis. 616; *Duluth Nat. Bank v. Fire Ins. Co.*, 85 Tenn. 76, 1 S. W. 689, 4 Am. St. Rep. 749; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill. 516, 5 Am. Rep. 65; *Critchett v. American Ins. Co.*, 53 Iowa, 404, 5 N. W. 543, 36 Am. Rep. 230; *Stockton v. Fireman's Ins. Co.*, 33 La. Ann. 577, 39 Am. Rep. 277.

The pleading admitted a violation of a provision in the policy, which it is not doubted is a valid one. The evidence wholly fails to show a waiver of the provision by the company or any one shown to have authority to waive the same for the company. The court should have instructed a verdict for the defendant below.

The cause should therefore be reversed, and judgment entered for defendant.

By the Court: It is so ordered.