## MILLER et al. v. GALLIMORE et al.

No. 15405—Opinion Filed Sept. 15, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Pleading—Reply to New Matter Consistent with Petition—Sufficiency Against Demurrer.**

Where new matter is set up in an answer to a petition, the plaintiff may reply to such new matter, and if the allegations in the reply are not inconsistent with, nor a departure from the allegations in the petition, a demurrer to such reply is properly overruled.

2. **Same—Sufficiency of Plaintiff's Evidence —Conclusiveness of Judgment.**

Where the defendant demurs to plaintiff's reply and the demurrer is overruled, and defendant elects to stand upon his demurrer, and evidence is introduced sustaining the allegations in the petition and reply, and no objection is made or exception reserved thereto, and defendant introduces no evidence to controvert the evidence of the plain-

tiff, and judgment is rendered for plaintiff, such judgment will not be disturbed on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by N. C. Gallimore against Martha A. Miller and others to foreclose mortgage on real estate. Antrim Lumber Company filed answer and cross-petition claiming materialman's lien on the lands for lumber furnished. Defendants demurred to the plaintiff's reply, and upon demurrer being overruled defendants elected to stand upon the demurrer and refused to plead further. Judgment for N. C. Gallimore and the Antrim Lumber Company, and defendants appeal. Affirmed.

A. C. Towne, for plaintiffs in error.

Ad. V. Coppedge and J. B. Coppedge, for defendants in error.

Opinion by RUTH, C. N. C. Gallimore filed his action against Martha A. Miller and others and sought to foreclose a mortgage on certain lands in Delaware county, and sets out a note and mortgage executed by Martha A. Miller.

The Antrim Lumber Company filed its answer and cross-petition, wherein it claims a materialman's lien on the lands for lumber furnished for erecting buildings thereon.

After numerous motions and demurrers were filed the defendants filed their answer consisting, first, of a general denial, and, second, that Martha A. Miller, Dave Miller, Flora Stevens, Ida Cooley, Lucinda James. Mahana Malone, Lee Miller, Mamie Hutchison, Sallie Spencer, Andrew J. Miller, Jr., Myrtle Sixkiller, and Pearl Lamar are the heirs at law of Andrew J. Miller. That Martha A. was the wife, and the other answering defendants were the children of Andrew J. Miller, who was a member of the Creek Tribe of Indians, and died seised of the lands involved in this action. That the lands were a portion of the allotment of Andrew J. Miller, and were restricted at the time of his death, and that the answering defendants are the owners thereof, and are now and have been for more than 15 years prior to the commencement of this action in "actual, open, exclusive possession of said allottee's land under color of title."

They then pray judgment canceling the mortgage, and for damages in the sum of $250 and for attorney's fees and costs.

The foregoing fully covers every allegation in the answer.

To this answer the plaintiff, N. C. Gallimore, filed his reply, wherein he admits the lands involved were the allotted lands of Andrew J. Miller, and that Andrew J. Miller died leaving surviving him his wife, Martha A. Miller, and that the other defendants were his children, but denies the said children have been in possession of the land for the past 15 years; and alleges that Martha A. Miller has been in exclusive possession of the land and is the owner thereof, and became owner of the lands under a will executed by Andrew J. Miller, which will was duly admitted to probate in the United States District Court, at Vinita, Indian Territory, now Oklahoma, on or about the 6th day of October, 1906, and was such owner at the time of the execution of the note and mortgage sued upon, to wit, the 31st day of December, 1920. Plaintiff sets forth a copy of the will and makes it a part of his reply.

To this the defendants filed a demurrer in the following words:

"Comes now the above named defendants and demur to the second matter and defense set up in said answer, to wit: That portion of plaintiff's reply commencing on line eleven from the bottom of the first page with the word, 'became the owner of all of said land under a will, made and executed by Andrew J. Miller prior to his death, which will was duly admitted to probate in the U. S. Court of Vinita, Indian Territory, now Oklahoma, on or about the 6th day of October, 1906, and under the provisions of said will Martha J. Miller became the exclusive owner in fee of all of said land, and was such owner at the time of the execution of the mortgage described and set out in plaintiff's petition, and is now the owner thereof, and that none of the other defendants have any right, title, interest, or estate therein, a copy of said will is hereto attached marked exhibit "A" and made a part hereof.'

"That the matter does not state facts sufficient on which to base a judgment in favor of the plaintiff."

This demurrer was filed on November 26, 1923, and the defendants thereby sought to strike from the record any reference to Martha A. Miller's ownership of the land, and any reference to the will of Andrew J. Miller.

On the same day defendants filed their "motion to strike reply" and the motion to strike was leveled against the same portion of the reply that defendants had demurred to.

On the same day and date defendants file

what they designate an "answer to plaintiff's reply" in which they attack the validity of the will, and allege it is not the true will of Andrew J. Miller, and that the true will devised the lands to Martha A. Miller "only during her lifetime."

The record then contains the following entry as of the same day and date, to wit, November, 1923:

"The plaintiff and defendants was (?) present in person and by atttorneys of record. Defendant files motion to strike portion of reply, same is presented, heard and overruled. Defendants excepts. Defendants presents demurrer, same is presented, heard and overruled. By leave of court defendants withdraw motion to interplea. Defendants stand on demurrer, waives and refuses to plead. Jury waived. Judgment rendered November 30th, for Antrim Lumber Co. on cross-petition for the sum of $802, and interest thereon at 10% from October 28, 1921, and attorney fee of $100. Court declares lien on W 1-2 of S. E. 1-4 of sec. 8, twp. 25 N. R. 23 Delaware county, Oklahoma, subject to prior lien in favor of plaintiff as per J. E. All objections overruled. Notes ordered to be admitted in evidence. Note filed as evidence in case and marked exhibit 'A.' Mortgage marked exhibit 'B'. Certified copy of will marked exhibit 'C.'

"The defendants object to the judgment on answer and cross-petition of Antrim Lumber Company. and in open court in presence of the court and court clerk, and in presence of counsel for plaintiff gives notice of their intentions to appeal to Supreme Court."

The record discloses the defendants thereafter filed a motion for a new trial on November 30, 1923, and further shows this motion was by the court overruled as of November 28, 1923.

Judgment was entered for the plaintiff, N. C. Gallimore, as prayed in his petition, and for the Antrim Lumber Company on its cross-petition, and defendants appeal.

Defendants in their brief say the record will be "confusing unless scrutinized closely" and with this we agree, and the more closely we "scrutinize" it the more confusing it becomes. All through the record there appear motions, demurrers, double demurrers, answers, and amended answers; one overlapping the other without being passed upon, and dates overlapping and conflicting in a confused mass, but after careful and prayerful consideration we have arrived at the conclusion that defendants are standing upon their demurrer to the reply of plaintiff, as they "by leave of the court withdraw their motion to interplead (whatever that means) stand on demurrer, waives and refuses to plead and waives a jury."

It appears from the record that a note and mortgage and a certified copy of a will were offered in evidence and no objection made to their introduction, but defendants "object to the judgment on answer and cross-petition of the Antrim Lumber Co."

The defendants file a typewritten brief in this case, which purported brief in no manner conforms to the rules of this court.

The brief begins with what purports to by a "statement of the case," but does not state the case or any of the pleadings, but directs our attention to the page of the record where may be found the various pleadings.

It then contains a full and complete copy of the defendants' "motion for a new trial."

This copy of the motion for a new trial is followed in the brief by the following announcement, to wit: "Assignment of Error, 2-3-5. The same argument will apply to each."

After examining the three pages following this announcement we are unable to determine what has been assigned as errors 2, 3, and 5. Thereafter the brief contained the following, which we set out in full:

"Third—Error 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18. Objection was made separately to each of said errors. The exhibits were not the best evidence of course. If Martha A. Miller had not the title in the land, she could not by contract or otherwise create a lien thereon, of the interests at least of the other defendants. This lien sought to be foreclosed does not show it was ever filed with the clerk of the district court of Delaware county, as required by law, before same was filed in the cross-petition (record case-made 29). Cherokee Allotment Argument, Bledsoe Land Laws, page 434, sec. 433; Homestead Nonalienable, Heckman v. United States, 224 U. S. 413, 32 Sup. 424."

Thus endeth the brief. Just what this all means, and what application it has to the demurrer to plaintiff's reply, the writer of this opinion confesses he does not know, but we are going to adhere to our first belief that defendants stood upon their demurrer to the plaintiff's reply, and determine this appeal upon that theory.

Section 264, Comp. St. 1921, under title "Pleadings" provides:

"The only pleadings allowed are: First. The petition by the plaintiff. Second. The answer or demurrer by the defendant. Third. The demurrer or reply by the plaintiff.

Fourth. The demurrer by the defendant to the reply of the plaintiff."

The plaintiff's petition alleged that Martha A. Miller was the owner of certain real property; that she executed her note and secured the payment of same by mortgage duly executed and filed of record; that the note was made for a valuable consideration; that default had been made in the payment thereof; that the plaintiff was the owner and holder of the note and mortgage, and prayed foreclosure.

The petition contained all the necessary averments and was good as against demurrer. To this petition the defendants filed answer, denying Martha A. Miller was the owner of the land in fee simple, but had only her dower and homestead rights therein. That defendants are the heirs at law of Andrew J. Miller, deceased, who died seised of said lands, and that each of the defendants is entitled to an undivided one-eleventh interest therein.

Section 273, Comp. St. 1921, provides:

"The answer shall contain: First. A general or specific denial of each material allegation of the petition controverted by the defendant. Second. A statement of any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

The answer in this case sets up new matter by alleging Andrew J. Miller died intestate, seised of these lands, and defendants were his heirs at law and each entitled to an undivided one-eleventh interest therein.

Section 281, Comp. St. 1921, provides:

"When the answer contains new matter the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer * * *" Merchants & Planters Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100.

To the new matter set up in the answer, plaintiff replied that the said Andrew J. Miller died testate and devised the lands to the defendant Martha A. Miller, and annexes a certified copy of the will of Andrew J. Miller, and the proceedings of the U. S. court, showing the will was admitted to probate in the United States court, in 1906—being 14 years prior to the execution and delivery of the note and mortgage by Martha A. Miller, and 16 years before this action was filed.

To that portion of the reply setting forth the will and probate proceedings the defendants demurred.

The matter demurred to was in reply to the new matter contained in the answer and was in no wise inconsistent with, or a departure from the allegations in the plaintiff's petition.

Its sole purpose and effect was to show how title to the lands of Andrew J. Miller became vested in Martha A. Miller, and supported the allegations of the petition that Martha A. Miller was the sole owner of the lands in fee simple, and a demurrer to this part of reply was properly overruled.

The record discloses the defendants elected to stand upon their demurrer and refused to plead further, and upon the notes, mortgages, and will being introduced in evidence without objection, the court rendered judgment for the plaintiff.

There being no error apparent on the face of the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 246, 306. (2) 4 C. J. p. 877, §2853.