Yoland Pardon, Individually and as Executrix of the Last Will and Testament of Anna Wasvary, Deceased, Plaintiff in Error, v. Joseph Wasvary and The American Insurance Company of the City of Newark, New Jersey, Defendants in Error.

328

Opinion filed June 1, 1928.

H. F. Knox, for plaintiff in error.

Layman & Johnson, for Joseph Wasvary, defendant in error.

Charles Wham and Moses Pulverman, for The American Insurance Company, defendant in error.

Mr. Justice Wolfe delivered the opinion of the court.

This suit was brought in the circuit court of Franklin county by Anna Wasvary, who filed her bill against her former husband, Joseph Wasvary, and The American Insurance Company of the City of Newark, New Jersey. After the bill was filed Anna Wasvary died, and her daughter, Yoland Pardon, as the administratrix of the last will and testament of Anna Wasvary, deceased, and also individually (she being the sole legatee and devisee under the said will), was substituted as complainant in the lower court, and appears in this court as the plaintiff in error.

During her lifetime, Anna Wasvary and her husband, Joseph Wasvary, were the owners as tenants in common of a 9-acre tract of land located in or near Sesser, Illinois, and on which was situated their dwelling house and a barn, or shed.

Before the filing of the bill Anna Wasvary had applied for a divorce from her husband. A hearing was had on the bill August 6, 1923 and the court announced that a divorce would be granted, but a decree was not signed until December 1, 1923.

Several years before the divorce was granted the said insurance company had issued, through its farm department, and had delivered to Joseph and Anna Wasvary, its insurance policy agreeing to indemnify them against loss by fire to the extent of $1,700 on the dwelling house and barn and $500 on their house-

hold effects while located in the house. On August 19, 1923, the building and the household goods then in the house were damaged by fire.

The bill is for the partition of the lands and prays that the money due under the said policy by reason of the destruction of the property insured to the value of $2,000 may be decreed to stand in the place and stead of the property destroyed and paid into the court as a fund to be distributed by the court according to the respective rights and interests of the parties therein as the same should be found and determined by the court. A copy of the insurance policy is attached to the bill and made a part thereof. One of the provisions of the policy is, in substance, as follows: In case of loss the insured shall within 15 days give the company, at its office at Rockford, Illinois, written notice thereof; shall within 60 days from date of loss render to its office aforesaid a particular account of said loss, signed and sworn to by the assured, stating the date and circumstances of the same, the exact nature of the title and interest of the assured, and of all others in the property; shall furnish the company with an itemized statement of personal property, and the plans and specifications, and an itemized estimate of the building by some reliable and competent builder, and furnish a certificate of two disinterested neighbors and of the nearest magistrate, certifying their belief that the statements are true, and that the assured has, without fraud, sustained the amount of loss set forth in said proofs, otherwise said company shall not be liable.

The bill alleges as follows: That said insurance company waived written notice of fire to be given it at Rockford, Illinois; waived rendering it at said office a particular account of the loss signed and sworn to by assured, stating the date and circumstances of the fire, the exact title and interest of assured and all

others, by whom and for what purpose same was occupied at time of loss and all incumbrances on said property; waived filing itemized statement of personal property destroyed, and plans and specifications and itemized estimate by a reliable and competent builder, of the building destroyed, with the certificate of two disinterested neighbors and the nearest magistrate certifying their belief that such statements were true and the loss without fraud.

The answer of the defendant insurance company denied each of said allegations contained in said bill. The answer of the defendants Joseph Wasvary admitted all the material allegations of the bill. Upon a hearing on the bill in open court before the chancellor, the bill was dismissed for want of equity as to the defendant insurance company. Unless the evidence establishes the above allegations of appellant's bill she failed to make out a case and therefore other points in controversy between parties and now urged in this court need not be considered by this court.

Bearing on the question of the waiver of the proofs of loss, the contention of the parties is whether or not the evidence shows that one W. C. Sulcer was clothed with the apparent authority to waive such proofs of loss for and on behalf of the insurance company. It is not contended by appellant that W. C. Sulcer was by any written or express power of appointment empowered to waive the proofs of loss. It will, therefore, be necessary to consider the evidence to determine if the defendant insurance company held out W. C. Sulcer to the public as its agent, possessing apparent power to waive the provisions of the policy requiring the furnishing of such proofs of loss. The question in this kind of a case being not what power did the agent in fact possess, but what power did the company hold him out to the public as possessing. *Hancock Mut. Life Ins. Co. v. Schlink,* 175 Ill. 284.

To show the express powers and authority with which Sulcer was invested by the insurance company there was introduced in evidence a certificate of his appointment given by the insurance company. So much of this certificate as needs be referred to in this opinion is as follows: "This is to certify that W. C. Sulcer has been appointed and duly constituted agent of the American Insurance Company of Newark, New Jersey, and authorized to receive and transmit to the company written applications for insurance against loss or damage by fire, etc., together with the notes or cash for premiums and for no other purpose whatever, subject to the rules and regulations of said company and such instructions as may be given from time to time by its officers." The extent of Sulcer's agency being an issue in this case, we think that the certificate was proper and competent evidence. The appellee having shown by her evidence some facts tending to show the agency of Sulcer, it was incumbent on the insurance company to introduce such evidence as was in its exclusive possession proving, or tending to prove, the extent of Sulcer's agency. *McGuire v. Hartford Fire Ins. Co.,* 7 App. Div. 575, 40 N. Y. Supp. 300; *Cupo v. Royal Ins. Co.,* 101 Conn. 586, 126 Atl. 844.

Appellant contends that the defendant insurance company by its acts and dealings with Sulcer invested him with, and held him out to the public as possessing, more authority as its agent than what is contained in such certificate. This is denied by the insurance company. The existence and contents of the certificate were not shown to the insured, the appellant or those representing them until the time of the trial.

Joseph Wasvary testified that Sulcer came to his home and asked him to insure his house and Wasvary signed an application for the insurance, gave to Sulcer in payment of the premium an old unexpired policy

of the defendant insurance company and some money. Within a week thereafter he received a policy by mail from the office of the insurance company at Rockford, Illinois. August Pardon testified that he knew Sulcer who solicited and wrote application blanks, gave the policy and received the money. Pardon said he knew this because he had had property insured by Sulcer who wrote out the application, delivered to him the policy and received the money.

The trial court admitted this evidence subject to objection. We think this evidence is competent and it is considered in this case. (*Grindle v. Grindle,* 240 Ill. 143; *Booker v. Booker,* 208 Ill. 529, 535.)

Sulcer testified on direct examination that he in person delivered the policy to Joseph Wasvary, but on cross-examination he testified that his register showed the premium charged to Wasvary and he was not sure if he delivered the policy or not. He further testified that his general practice on farm insurance was to forward the application, collect the money and leave the delivery of the policy to the company. However, on insurance upon city property Sulcer would deliver the policy in person. From Sulcer's testimony it appears that the property insured for August Pardon, and about which the latter testified, was an automobile, and his testimony relative to the making of the application for the insurance on the automobile, the delivery of the policy by Sulcer and the payment of the premium on the policy is corroborated by Sulcer. The automobile insurance policy was introduced in evidence and the appellant points out as facts showing, as he contends, the apparent power of Sulcer, in certain portions of that policy. On the front page of said policy appears: "Important: Agents must sign the policy and make the entry on their register, without fail, in order to comply with the State Law." Also there appears on the policy: "Countersigned at Resi-

dence this 21st day of Sept., 1921, W. C. Sulcer (Agent)." Attached to the Pardon policy are also indorsements, being tornado and theft clauses, which are signed "W. C. Sulcer, Agent." And these indorsements also have the statement, "Issued at Sesser, Illinois, Agency."

Sulcer testified that he was merely a soliciting agent, that the Pardon policy, being insurance on an automobile, did not come under the farm department of the defendant insurance company. The examiner for the insurance company testified that an application for insurance on farm property came to him for inspection and, if approved, a policy was issued, and that this method was followed in issuing the Wasvary policy, and the policy in question was mailed from the office of the Illinois Western Department of the insurance company to the applicant.

H. R. Dial, a lawyer, testified that shortly after the fire Anna Wasvary retained him as her attorney to look after her claim against the insurance company under the fire insurance policy. Mr. Dial consulted Sulcer about the proofs of loss and Sulcer told him it would not be necessary to make out the proofs of loss as he had the right and had already notified the company. Sulcer also told Dial that he was not a recording agent, just a soliciting agent.

Yoland Pardon testified that she knew Sulcer represented the insurance company because she heard him talking to her parents about taking out the insurance; that she and her brother went to see Sulcer and told him that the house had burned down, inquired what they should do about the insurance, and Sulcer said they would not have to do anything, he would tend to that.

There is no evidence proving that Anna Wasvary, Yoland Pardon, or Mr. Dial, or any of them, ever knew that Sulcer had countersigned and issued an automobile insurance policy.

The written appointment of Sulcer limits his authority to receive and transmit applications for insurance to the insurance company together with cash or notes given for premiums, and he was without power to issue policies or complete contracts of insurance. He was a soliciting agent only. A soliciting agent has no power to waive provisions and conditions of the policy. His authority does not extend beyond the business necessarily connected with the taking of the applications and forwarding them to his principal. (*American Ins. Co. v. Walton,* 111 Ill. App. 133; *Rockford Ins. Co. v. Boirum,* 40 Ill. App. 129; *American Cent. Ins. Co. v. Birds Building & Loan Ass'n,* 81 Ill. App. 258; *Winnesheik Ins. Co. v. Holzgrafe,* 53 Ill. 516; *Rowland v. Springfield Fire & Marine Ins. Co.,* 18 Ill. App. 601; *Covenant Mut. Ben. Ass'n v. Conway,* 10 Ill. App. 348; *Forest City Ins. Co. v. School Directors of Dist. No. 1,* 4 Ill. App. 145; *Eikelberger v. Insurance Co. of North America,* 105 Kan. 675, 189 Pac. 139; *Merchants' & Planters' Ins. Co. v. Marsh,* 34 Okla. 453, 125 Pac. 1100.) The latter case cites authorities from 15 states in support of this general proposition. The same rule is stated in 26 C. J. 289. In other words it was not within the scope of Sulcer's express power to waive the provision of the policy requiring proofs of loss. Even if he assumed to have such authority he could not bind the company thereby, unless he had been held out by the insurance company as an agent under such circumstances as would warrant the insured, and, in this case, her attorney and legal representative, in supposing that he had the power so assumed. (*Covenant Mut. Ben. Ass'n v. Conway, supra.*)

Where one relies upon the acts of an agent on the ground that the principal has clothed the agent with the apparent authority to do such acts, the person dealing with the agent must be aware of the principal's acts from which the apparent authority is deduced.

"A party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent. If he has no knowledge of such facts he does not act in reliance upon them and is in no position to claim anything on account of them." (*Merchants Nat Bank v. Nichols & Shepard Co.*, 223 Ill. 41; *Alton Mfg. Co. v. Garrett Biblical Institute*, 243 Ill. 298.)

Also a third person must use reasonable care and prudence before he is justified in believing that the principal's acts and conduct have clothed the agent with the appearance of authority to perform certain acts for his principal. And if such person has actual or constructive notice of the extent of the agent's authority, he cannot claim to be acting in good faith and hold the principal on the ground of apparent authority. (2 C. J. 575; *Schmoldt v. Langston*, 106 Ill. App. 285.)

In the case at bar there is no evidence proving that the insured, or those standing in their place or stead, or those acting for them, had knowledge that Sulcer, if it be so, was the general agent of the insurance company in the business of insuring automobiles. In fact they were informed by Sulcer that he was not a recording agent, but a soliciting agent only. Such information should have placed them on their guard and lead to further investigation of Sulcer's authority.

The provision in the policy requiring the furnishing of proofs of loss was a valid one, and the appellant having failed to prove the waiver of the supplying of such proofs as called for by the policy, failed to establish her right to recover upon the policy. In his argument appellant states that the certificate of Sulcer's appointment is not the original, but only a copy thereof. Without deciding whether the evidence was sufficient to admit the copy under the rule governing the admission of secondary evidence, it is pointed out that no objection was made to the introduction of

the certificate on that ground and exception taken to the ruling of the court.

Cross-errors are assigned in this court by the defendant in error, Joseph Wasvary, but there is nothing urged on his behalf which leads the court to modify the views expressed in this opinion.

The decree and judgment of the lower court is affirmed.

*Affirmed.*