UNION MUTUAL INSURANCE CO. v. STRICKLAND.

No. 33221. Nov. 1, 1949.

211 P. 2d 267.

Wm. M. Franklin, of Oklahoma City, for plaintiff in error.

Porter Newman, of Durant, for defendant in error.

ARNOLD, V. C. J. Viewing the evidence in the most favorable light to plaintiff and excluding all contrary testimony, the facts in this case pertinent to the issues are:

Plaintiff procured a fire insurance policy from defendant on his house in Allen and the household goods therein through the company's soliciting agent, Marshall; that the agent, Marshall, was nothing more than a soliciting agent is beyond question under this record; the policy provided that the company would be liable for destruction of the household goods by fire in Allen only; plaintiff furnished the information to the agent as to the location of the property covered by the policy; said household goods were in fact at the time of the issuance of the policy located in a house in Allen; some conversation occurred between the plaintiff and the agent at the time the application for the policy was made with reference to contemplated future removal of the household goods to Bokchito; some time after the policy was issued and delivered and after some or all of the household goods were moved to Bokchito, the plaintiff and the agent talked about the matter again. As to this conversation, plaintiff testified:

"After the policy come out we talked about getting it changed. I told him to do it, and it rocked on; and the next time the policy come I just stuck it in the safe. I knew what it was. Never opened it up at all. I didn't know the address was still at Allen, on my stuff. But we both talked about getting it changed, and I told him to do it; and he told me to have it done, and neither one of us ever had the address changed."

All transactions leading up to the issuance of the renewal policy sued on here were carried on between plaintiff and defendant by mail; the renewal policy contained the same terms, conditions and designated location of the household goods as were contained in the original policy; plaintiff received the policy sued on and receipt for the premium by mail and without examination of the policy put it away; the fire which destroyed the household goods occurred later at Bokchito.

There is no evidence that the agent Marshall had anything to do with the issuance of the renewal policy. It is not urged that the agent had authority to waive or change the terms of the policy. The sole contention made is that the knowledge of the agent as to the location of the personal property covered was imputed to the company rendering ineffective the nonliability provision of the policy in case of destruction thereof by fire at any place other than that designated in the policy, to wit, Allen, Oklahoma.

The trial court made no findings of fact, but apparently entered judgment for the plaintiff on the theory that by accepting premiums for the years 1942, 1943, and 1944, the defendant waived the provisions of the policy excluding liability for loss of the household goods by fire at any other place than Allen.

In 26 C. J., page 298, section 369, the rule that notice to or knowledge obtained by such agent after a policy of insurance had been issued is not notice to or knowledge of the insurance company is stated as follows:

"If a person is an agent only to solicit insurance, deliver the policy, and collect the premium, his employment with respect to a given policy is terminated by the completion of such acts, and consequently knowledge obtained by him thereafter is acquired beyond the course of his employment and is not the knowledge of the insurer. In other words, knowledge of a breach of condition possessed by an agent without authority to make or cancel the contract of insurance is not the knowledge of the company, unless the company has held him out as having such authority."

Numerous authorities are cited in support of this statement, which appears to be the almost universal rule. To the same effect is 45 C. J. S., page 654, section 694.

In Merchants' & Planters' Insurance Co. v. Marsh, 34 Okla. 453, 125 P. 1100, and in other cases thereafter, we have approved and followed this rule. In that case it appeared that the plaintiff, Marsh, had obtained additional insurance upon his property without the consent of the insurance company, in violation of the provisions of his policy, and he contended that because of the knowledge of his act by the soliciting agent of the company, the provisions of the policy had been waived. In disposing of this contention, this court said:

"A local agent of an insurance company, whose only power is to solicit applications for insurance, and forward them to the company for approval, when, if approved, the company issues the policy and causes it to be delivered to the insured, has no power to waive any of the provisions of the policy so delivered, and notice to such agent of 'additional insurance' taken out by the insured after the delivery of the policy is not notice to the company."

This case was cited with approval in Mutual Benefit Health & Accident Ass'n v. Edwards, 174 Okla. 210, 50 P. 2d 144, the opinion citing numerous Oklahoma cases approving and following the rule in the Marsh case above stated. No authorities to the contrary are cited by plaintiff, and it appears that the rule announced in the Marsh case is now the settled rule in this state.

Plaintiff does not dispute the correctness of the rule announced in the authorities above cited, but asserts that Marshall was advised at the time he took the application for the first policy that Strickland intended to remove the household goods to Bokchito at some undetermined date in the future, and that this brings the parties within the rule announced in North American Acc. Ins. Co. v. Canady, 196 Okla. 105, 163 P. 2d 221, in which we held that knowledge received and acted upon by the soliciting agent of an insurer in connection with applications taken by him was binding upon the insurer.

The testimony of Strickland with reference to the information conveyed to Marshall has been set out above. The mere fact that at the time Marshall took the first application for a policy

on the household goods at Allen he was informed that at some future date, then undetermined, Strickland intended to remove the property to Bokchito, would not bring the parties within the rule announced in the case last above cited.

Reversed, with directions to render judgment for defendant, denying plaintiff any relief, except the insurance premium tendered into court by defendant, to which plaintiff is entitled.

CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. DAVISON, C. J., and JOHNSON, J., dissent.

DAVISON, C. J. (dissenting). This opinion overlooks the fact that in the issuance of the renewal policy Marshall played the following role: The policy was issued upon the original application taken by him; the receipt for the premium was personally delivered by him; the receipt bore only the name of Marshall as a representative of the company.

Therefore, at the time he received the information as to the change in location of the property insured, prior to the issuance of the renewal policy, he was acting within the scope of his authority as agent of the company under the provision of 36 O.S. 1941 §197, as follows:

"Any person who shall solicit and procure an application for insurance shall, in all matters relating to such application for insurance, and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever."

I therefore respectfully dissent.